STEPHANIE SHERIDAN (BAR NO.135910)
stephanie.sheridan@sedgwicklaw.com
ALISON WILLIAMS (BAR NO. 251689)
alison.williams@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA  94104
Telephone:  415.781.7900
Facsimile:   415.781.2635

Attorneys for Defendant
FEDEX OFFICE AND PRINT SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZMIG TCHOBOIAN and ANGELA POTIKYAN, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC. (f/k/a FEDEX KINKOS OFFICE AND PRINT SERVICES, INC.); DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 8:10-cv-01008-JAK-MLG<br><br>**DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:　Hon. John A. Kronstadt<br>Date:　November 7, 2011<br>Time:　1:30 p.m.<br>Ctrm:　750 – 7th Floor |

Pursuant to Local Rule 56-1, defendant FedEx Office and Print Services, Inc. ("FedEx Office") submits the following proposed Statement of Uncontroverted Facts and Conclusions of Law in support of its motion for summary judgment:

**Plaintiffs' Claim for Relief is Barred Because the Fair and Accurate Credit Transactions Act Does Not Preclude Printing of the First Two and Last Four Digits of a Credit Card Number on a Consumer Receipt.** (15 U.S.C. section 1681, *et seq*.)

| | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| 1. | This lawsuit arises from allegations that FedEx Office violated the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. section 1681c(g). | First Amended Complaint ("FAC") ¶¶ 1-3, 22, 32-34, 40, 42-43 (Exh. 1 to Declaration of Stephanie Sheridan in Support of FedEx Office and Print Services, Inc.'s Motion for Summary Judgment ("Sheridan Decl.")) |
| 2. | FACTA, part of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681, *et seq*., is intended to combat identity theft and protect consumer privacy. | Declaration of Evan Hendricks in Support of FedEx Office and Print Services, Inc.'s Motion for Summary Judgment ("Hendricks Decl.") ¶ 28. |
| 3. | Plaintiffs claim that, upon making a credit card purchase at a California FedEx Office location, they were provided with receipts that displayed more than the last five digits of their credit card numbers. | FAC ¶¶ 32-33 (Exh. 1 to Sheridan Decl.) |
| 4. | Specifically, plaintiffs contend that the first two | FAC ¶¶ 32-33 (Exh. 1 |

| | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| | and last four digits of their credit card numbers appeared on the receipts. | to Sheridan Decl.); Deposition of Razmig Tchoboian ("Tchoboian Depo.") 26:6-27:4, 27:15-28:14, Exh. 3 thereto (Exh. 2 to Sheridan Decl.); Deposition of Angela Potikyan ("Potikyan Depo.") 8:23-9:15, 35:2-23, 37:23-38:3, Exh. 3 thereto (Exh. 3 to Sheridan Decl.) |
| 5. | Plaintiffs' receipts were printed from FedEx Office's self-serve Express Pay point-of-sale system used to process transactions for inexpensive purchases such as copies, and customers such as the plaintiffs are not automatically issued receipts from this system unless they specifically request one. | Tchoboian Depo. 29:4-21, 42:24-43:21, Exh. thereto (Exh. 2 to Sheridan Decl.); Potikyan Depo. 35:24-36:16, 96:8-25, 98:24-99:4, Exh. 3 thereto (Exh. 3 to Sheridan Decl.). |
| 6. | Plaintiffs do not claim that they have actually been injured in any way as a result of this information appearing on their receipts. | FAC, Prayer for Relief (plaintiffs do not seek actual damages) (Exh. 1 to Sheridan Decl.); Tchoboian Depo. 65:20-66:3 (Exh. 2 to Sheridan Decl.); Potikyan Depo. 102:5-17, 103:6-9 (Exh. 3 to Sheridan Decl.). |
| 7. | Plaintiffs assert that they have been exposed to an increased risk of identity theft and credit or debit card fraud. | FAC ¶ 44 (Exh. 1 to Sheridan Decl.). |

DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| 8. | Plaintiffs claim that FedEx Office's conduct in printing receipts with a total of six credit card digits "willfully" violated FACTA, and they are entitled to statutory damages under 15 U.S.C. section 1681n on that basis alone. | FAC ¶¶ 42-43, Prayer for Relief (Exh. 1 to Sheridan Decl.). |
| 9. | Each digit of a credit card number issued by a U.S. financial institution has a universal significance based upon its placement within the number as a whole. | Hendricks Decl. ¶ 11. |
| 10. | The significance of these digits is dictated by an international standard developed by the International Organization for Standardization and the International Electrotechnical Commission. | Hendricks Decl. ¶ 11. |
| 11. | This standard is called the ISO/IEC 7812-2:2006 ("ISO/IEC"). | Hendricks Decl. ¶ 11. |
| 12. | Credit card numbers are comprised of 16 digits. | Hendricks Decl. ¶ 12. |
| 13. | According to the ISO/IEC, the first digit of a credit card number identifies the major industry issuer. | Hendricks Decl. ¶ 12. |
| 14. | In practice, this means that the first digit indicates the brand of the card. | Hendricks Decl. ¶ 12. |
| 15. | All American Express card numbers begin with a 3. | Hendricks Decl. ¶ 12. |
| 16. | All Visa card numbers begin with a 4. | Hendricks Decl. ¶ 12. |
| 17. | All MasterCard card numbers begin with a 5. | Hendricks Decl. ¶ 12. |
| 18. | All Discover card numbers begin with a 6. | Hendricks Decl. ¶ 12. |
| 19. | The correlation between card brands and the first digit is widely known to the public, and particularly to potential fraudsters. | Hendricks Decl. ¶ 12. |

| | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| 20. | Credit card digits one through six are known as the Bank Identification Number ("BIN"). | Hendricks Decl. ¶ 12. |
| 21. | A credit card's BIN identifies the financial institution that issued that card. | Hendricks Decl. ¶ 12. |
| 22. | BINs are known to industry stakeholders like retailers and processors, and are also found on the internet. | Hendricks Decl. ¶ 12. |
| 23. | Digits seven through fifteen make up the unique account number that is specific to that individual to whom the card is issued. | Hendricks Decl. ¶ 13. |
| 24. | The sixteenth and final digit has a particular relationship to the prior numbers to ensure the card number is valid. | Hendricks Decl. ¶ 13. |
| 25. | That is, all of the digits of a credit card number, when entered into a mathematical equation, should equal a number that is divisible by ten. | Hendricks Decl. ¶ 14. |
| 26. | The last digit of a valid credit card number is selected to ensure that the credit card digit successfully fits into this equation. | Hendricks Decl. ¶ 14. |
| 27. | At the very least, FACTA permits printing digits 12 through 16. | Hendricks Decl. ¶ 20. |
| 28. | The credit cards used by the plaintiffs have 16 digits. | Tchoboian Depo. Exh. 3 thereto (Exh. 2 to Sheridan Decl.); Potikyan Depo. Exh. 3 thereto (Exh. 3 to Sheridan Decl.). |

| | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| 29. | Of those 16 digits, digits 1, 2, and 13 through 16 appear on the receipts; that is, the digit representing the card brand, one of the BINs, and four of the personal identifiers. | Tchoboian Depo. Exh. 3 thereto (Exh. 2 to Sheridan Decl.); Potikyan Depo. Exh. 3 thereto (Exh. 3 to Sheridan Decl.); Hendricks Decl. ¶¶ 12-13. |
| 30. | Industry practices and rules ensure that the card brand name is printed on the cardholder's receipt. | Hendricks Decl. ¶ 16. |
| 31. | The summary of Visa's rules for merchants clearly states: "The payment brand used to complete the transaction must be identified on the cardholder's copy of the transaction receipt." | Hendricks Decl. ¶ 16. |
| 32. | The reason for this is to remind the cardholder which brand of card he used for a particular transaction. | Hendricks Decl. ¶ 16. |
| 33. | FACTA does not prohibit this industry practice of printing the brand name on the cardholder receipt. | Hendricks Decl. ¶ 18. |
| 34. | Furthermore, nothing in the testimony and legislative history suggests that Congress was concerned about the presence of brand names on the cardholder receipt. | Hendricks Decl. ¶ 18. |
| 35. | Printing a credit card's first digit on the cardholder's receipt does not provide any additional information about the card number to a person who intends to use the information on the receipt to commit credit card fraud. | Hendricks Decl. ¶¶ 12, 16-18, 20, 22, 27, 29. |
| 36. | This is because the first digit of the sixteen digit account number indicates the card brand, which is already printed on the card. | Hendricks Decl. ¶¶ 12, 16. |
| 37. | Even if the first digit is not printed on the receipt, this digit can be easily determined if the card | Hendricks Decl. ¶ 12, |

| | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| | brand is known. | 16. |
| 38. | Thus, the first digit of a credit card number is de facto printed on every credit card receipt, even if the entire credit card number is truncated. | Hendricks Decl. ¶ 12, 16. |
| 39. | Therefore, printing the first digit of a cardholder's credit card number on her receipt does not increase the risk of a thief obtaining her entire credit card number. | Hendricks Decl. ¶¶ 12, 16-18, 20, 22, 27, 29. |
| 40. | Likewise, printing the second digit in addition to the first does not increase the risk of identity theft. | Hendricks Decl. ¶¶ 12, 15, 17, 20, 22. |
| 41. | The second digit is part of the six digit BIN number found on every credit card. | Hendricks Decl. ¶¶ 12, 15. |
| 42. | There are a vast number of six digit BINs, and such numbers are commonly known to industry stakeholders and are also published online, including on websites such as the online encyclopedia Wikipedia. | Hendricks Decl. ¶¶ 12, 15. |
| 43. | Printing the second digit on the cardholder's receipt does not add any new information for someone who picks up the receipt and is looking to use the information on the card to commit payment card fraud. | Hendricks Decl. ¶ 20. |
| 44. | The plain language of the statute and the Conference Report make it clear that Congress was concerned about preventing criminals' easy access to key information that could be used to commit identity theft or fraud. | Hendricks Decl. ¶¶ 28, 29. |
| 45. | Congress prohibited the inclusion, on receipts, of *six or more of the last digits* of a credit card, as those constituted the "key information" that could be used for identity theft or fraud. | Hendricks Decl. ¶ 28. |

| | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| 46. | Because of input from the credit card industry, and because of the absence of objection from consumer advocates and privacy experts, Congress knew that some credit card digits posed no threat and could continue to appear on receipts. | Hendricks Decl. ¶ 28. |

DATED:  September 28, 2011          Respectfully submitted,

SEDGWICK LLP


By: /s/ Stephanie Sheridan
    Stephanie Sheridan
    Alison Williams
    Attorneys for Defendant
    FEDEX OFFICE AND PRINT
    SERVICES, INC.

8
DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW