STEPHANIE SHERIDAN (BAR NO.135910)
stephanie.sheridan@sedgwicklaw.com
ALISON WILLIAMS (BAR NO. 251689)
alison.williams@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA  94104
Telephone:  415.781.7900
Facsimile:   415.781.2635

Attorneys for Defendant
FEDEX OFFICE AND PRINT SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZMIG TCHOBOIAN and ANGELA POTIKYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC. (f/k/a FEDEX KINKOS OFFICE AND PRINT SERVICES, INC.); DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:10-cv-01008-JAK-MLG<br><br>**[PROPOSED] JUDGMENT GRANTING FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:   Hon. John A. Kronstadt<br>Date:    November 7, 2011<br>Time:    1:30 p.m.<br>Ctrm:    750 – 7th Floor |

Defendant FedEx Office and Print Services, Inc.'s ("FedEx Office") Motion For Summary Judgment came on for hearing before this Court on November 7, 2011.  All parties appeared through counsel.  After full consideration of the motion, including each party's memorandum of points and authorities, the evidence submitted, and oral argument of counsel, and good cause appearing therefore, this Court orders as follows:

IT IS HEREBY ORDERED that FedEx Office's motion for summary judgment is GRANTED.

1
[PROPOSED] JUDGMENT GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2). The party opposing summary judgment has the burden of presenting evidence sufficient to support a jury verdict in its favor on every essential element of the claim on which it carries the burden of proof. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 322-323 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The undisputed evidence establishes that FedEx Office did not violate the Fair and Accurate Credit Transaction Act ("FACTA") when it printed the first two and last four digits of plaintiffs' credit card numbers on receipts, because FACTA only prohibits the printing of more than five of the last digits of a credit card number. Further, the printing of the first two digits of plaintiffs' credit card numbers did not increase the risk of identity theft, and indeed plaintiffs did not suffer any injury or damages as a result of the printing of these credit card digits.

FedEx Office's motion for summary judgment as to plaintiffs' claims is GRANTED.

IT IS SO ORDERED.

DATED: _____
THE HONORABLE JOHN A. KRONSTADT
UNITED STATES DISTRICT COURT JUDGE