1  STEPHANIE SHERIDAN (Bar No. 135910)
   stephanie.sheridan@sedgwicklaw.com
2  VICTORIA H. PAAL (Bar No. 260396)
   victoria.paal@sedgwicklaw.com
3  Sedgwick LLP
   333 Bush Street, 30th Floor
4  San Francisco, CA  94104
   Telephone:  415.781.7900
5  Facsimile:   415.781.2635
6
7  Attorneys for Defendant
   FEDEX OFFICE AND PRINT SERVICES, INC.
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  RAZMIG TCHOBOIAN and ANGELA POTIKYAN, on behalf of themselves and all others similarly situated, | Case No. 8:10-cv-01008-JAK-MLG |
| 13 | |
| 14                        Plaintiffs, | **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| 15 | |
| 16           v. | |
| 17  FEDEX OFFICE AND PRINT SERVICES, INC. (f/k/a FEDEX KINKOS OFFICE AND PRINT SERVICES, INC.); DOES 1 through 10, inclusive, | Judge:   Hon. John A. Kronstadt |
| 18 | Date:    November 7, 2011 |
| 19 | Time:    1:30 p.m. |
| 20                        Defendants. | Ctrm:    750 – 7th Floor |

21
22
23
24
25
26
27
28

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FEDEX OFFICE AND PRINT
SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

1

**TABLE OF CONTENTS**

2   I.     SUMMARY OF REPLY ARGUMENT ........................................................ 1

3   II.    FACTA'S PROHIBITIONS WITH RESPECT TO WHICH CARD
4         DIGITS MAY BE PRINTED ON A RECEIPT ARE AMBIGUOUS,
           PERMITTING THE COURT TO LOOK BEYOND THE PLAIN
5         LANGUAGE OF THE STATUTE ................................................................ 2

6         A.    Plaintiffs Misleadingly Rely on Cases Having Nothing
                To Do With the Statutory Ambiguity at Issue in This
7              Case ................................................................................................ 3

         B.    *Broderick* Underscores FACTA'S Ambiguity ................................... 5

8         C.    *In re Toys "R" Us* Directly Supports the Finding Urged
9              Here That FACTA Is Ambiguous ........................................................ 7

10        D.    Legislative History and Other Interpretations of FACTA
               Confirm the Ambiguity Highlighted in This Motion .......................... 8

11   III.   FEDEX OFFICE IS NOT RE-LITIGATING ITS MOTION
12         TO DISMISS ............................................................................................. 9

13         E.    The Cases Cited in the Court's Order on FedEx Office's
               Motion To Dismiss Are Inapplicable to FedEx Office's
14              Motion for Summary Judgment ......................................................... 11

15         F.    Local Rule 7-17 Is Irrelevant............................................................. 11

16   IV.   PLAINTIFFS' LACK OF DAMAGES ARE RELEVANT IN
17         DEMONSTRATING THE OPPORTUNISTIC NATURE OF
           THIS LAWSUIT.......................................................................................12

18   V.    FEDEX OFFICE COMPLIED WITH THE LOCAL RULES IN
19         BRINGING ITS MOTION FOR SUMMARY JUDGMENT ................... 13

       VI.   CONCLUSION.......................................................................................... 13

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## Cases

*Aeschbacher v. Cal. Pizza Kitchen, Inc.,*
    2007 WL 1500853 (C.D. Cal., April 3, 2007)..................................4

*Arcilla v. Adidas Promotional Retail Ops.,*
    488 F.Supp.2d 965 (C.D.Cal. 2007)...........................................4

*Barnhart v. Sigmon Coal Co.,*
    534 U.S. 438 (2002)..........................................................2

*Bateman v. American Multi-Cinema, Inc.,*
    623 F.3d 708 (9th Cir. 2010) ...........................................6, 7, 12

*Beedy v. Wash. Water Power Co.,*
    238 F.2d 123 (9th Cir. 1956).............................................9, 10

*Behrens v. Pelletier,*
    516 U.S. 299 (1996).........................................................10

*Blanco v. El Pollo Loco, Inc.,*
    2007 WL 113997 (C.D.Cal. April 3, 2007).....................................4

*Broderick v. 119TCBay, LLC,*
    670 F.Supp.2d 612 (W.D.Mich. 2009) ................................1, 5, 6, 7

*Buechler v. Keyco, Inc.,*
    2010 WL 1664226 (D.Md. April 22, 2010) ....................................4

*Cicilline v. Jewel Food,*
    542 F.Supp.2d 842 (N.D.Ill. 2008)...........................................4

*Cosby v. AutoZone, Inc.,*
    2011 WL 3267704 (Cal.App.9 August 1, 2011) ...............................12

*Edwards v. Toys "R" Us,*
    527 F.Supp.2d 1197 (C.D.Cal. 2007)..................................4, 7, 8

*Estate of Reynolds v. Martin,*
    985 F.2d 470 (Cal.App.9th 1993)............................................8

*Exxon Mobil Corp. v. Allapattah Services, Inc.,*
    545 U.S. 546 (2005).........................................................2

*Follman v. Village Squire, Inc.,*
    542 F.Supp.2d 816 (N.D.Ill. 2007)..........................................4

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FEDEX OFFICE AND PRINT
SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

*Grabein v. Jupiterimages Corp.,*
    2008 WL 27034451 (S.D.Fla. July 7, 2008) .................................................. 5

*Griffin v. Oceanic Contractors, Inc.,*
    458 U.S. 564 (1982).......................................................................................... 3

*Hedlund v. Hooters of Houston,*
    2008 WL 2065852 (N.D.Tex. May 13, 2008) ................................................. 4

*In re Toys "R" Us-Delaware, Inc.-Fair and Accurate Credit Transactions Act*
    *(FACTA) Litigation,*
    2010 WL 5071073 (C.D.Cal. Aug. 17, 2010) ........................................... 5, 7

*Iosello v. Leiblys, Inc.,*
    502 F.Supp.2d 782 (N.D.Ill. 2007) .................................................................. 4

*Korman v. Walking Co.,*
    503 F.Supp.2d 755 (E.D.Pa. 2007) .................................................................. 4

*Kubas v. Standard Parking Corp.,*
    594 F.Supp.2d 1029 (N.D.Ill. 2009) ............................................................ 4, 5

*Lopez v. Gymboree Corp.,*
    2007 WL 1690886 (N.D.Cal. June 9, 2007) ................................................... 4

*Lopez v. KB Toys Retail, Inc.,*
    2:07-cv-00144-JFW (CWx), slip op. (C.D.Cal. July 17, 2007) .................... 5

*Pirian v. In-N-Out Burgers,*
    2007 WL 1040864 (C.D. Cal. Apr. 5, 2007)............................................. 3, 11

*Ramirez v. MGM Mirage, Inc.,*
    524 F.Supp.2d 1226 (D.Nev. 2007) ........................................................... 4, 8

*Seffert v. L.A. Transit Lines,*
    56 Cal.2d 498 (1961) ...................................................................................... 12

*Soualian v. Int'l Coffee and Tea LLC,*
    2007 WL 4877903 (C.D. Cal. May 22, 2007)........................................... 4, 11

*State Farm Mutual Automobile Ins. Co. v. Campbell,*
    538 U.S. 408 (2003)........................................................................................ 12

*Terrell v. Contra Costa Co.,*
    232 Fed.Appx. 626 (9th Cir. Apr. 16, 2007) ................................................... 8

*Troy v. Home Run Inn, Inc.*,
    2008 WL 1766526 (N.D.Ill. April 14, 2008)................................................. 4

**Statutes**

15 U.S.C. § 1681c(g)............................................................................................ 8

15 U.S.C. § 1681n................................................................................................ 12

Fed. R. Civ. Proc. § 12(b)(6)............................................................................. 10

Local Rule 7-17.................................................................................................. 11

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FEDEX OFFICE AND PRINT
SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

## I.   SUMMARY OF REPLY ARGUMENT

Plaintiffs' opposition calls to mind two famous sayings:  Shakespeare's line in *Hamlet* "The lady doth protests too much, methinks" and Gertrude Stein's "There's no there there."

The reason these sayings come to mind is that plaintiffs' voluminous opposition filing does nothing to advance their position.  Indeed, three key issues have not been sufficiently addressed, much less overcome, in the Opposition:

1.      Despite the fact that defendant has put *evidence* before the court establishing that there could be no violation of FACTA here because printing the first two digits of a card number cannot increase the risk of identity theft, plaintiffs offer no real response to that evidence, nor do they offer any evidence to the contrary.

2.      Other courts in this district have adopted the same analysis proffered here by defendant, and this analysis is consistent with why the *Broderick* court granted defendant's motion for summary judgment.

3.      Plaintiffs' reliance on decisions finding FACTA's language unambiguous is misplaced, given that those were expiration date cases, where the focus was on entirely different language and thus not relevant to the argument advanced by defendant here.[1]

In short, Plaintiffs' Opposition to FedEx Office and Print Services, Inc.'s ("FedEx Office") Motion for Summary Judgment falls woefully shy of its burden of demonstrating that FACTA is unambiguous with respect to printing of the first and second digits of credit or debit card numbers.  Congressional intent demonstrates that the statute is intended to protect consumer privacy, which is why

---

[1] The focus in the expiration date cases was whether or not FACTA was ambiguous in requiring *both* the truncation of the full credit card number *and* masking of the expiration date on receipts.  Because the statute's language used the disjunctive word "or" some had argued that the law was ambiguous as to whether both elements were required, as opposed to just one of the two.  That is *not* the issue at bar in this motion.

SF/2562065v1

the language of the statute placed particular emphasis *only* on the end digits of a debit or credit card number. FedEx Office urges the court to perform the established judicial function of reading and applying FACTA in a manner that avoids the absurdity that would necessarily result from plaintiffs' suggested interpretation.

Summary judgment is the appropriate mechanism in this instance, as plaintiffs have presented obviously no facts that would create a genuine issue for trial. Indeed, Plaintiffs reveal "the Emperor has no clothes" by providing *no* additional material facts in the format of a separate statement.

## II.    FACTA'S PROHIBITIONS WITH RESPECT TO WHICH CARD DIGITS MAY BE PRINTED ON A RECEIPT ARE AMBIGUOUS, PERMITTING THE COURT TO LOOK BEYOND THE PLAIN LANGUAGE OF THE STATUTE

FedEx Office's Motion for Summary Judgment cites several cases that stand for the proposition that, while a court's starting point is the statutory text, a court may look beyond the plain language of a statute where such language is ambiguous or the application of the literal interpretation would produce unreasonable or impractical results. Plaintiffs' Opposition fails to discredit this point; indeed, plaintiffs cite authority that confirms FedEx Office's arguments. *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002), cited by plaintiffs, provides that a court must first "determine whether the [statutory] language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The inquiry ceases if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" (internal citations and quotations omitted). Unlike FACTA's language, the statute at issue in that case was plainly unambiguous, so an inquiry into legislative history was unnecessary. *Id.* at 461. Similarly, directly after the sentence plaintiffs quote from *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 568 (2005), the court states: "Extrinsic materials have a role in

SF/2562065v1

2.

statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms." Finally, the court notes in *Griffin v. Oceanic Contractors, Inc.* 458. U.S. 564, 571 (1982), also cited by plaintiffs, that it has "reserved some scope for adopting a restricted rather than a literal or usual meaning of [a statute's] words where accepting of that meaning . . . would thwart the obvious purpose of the statute" (internal quotations omitted).

Each of these cases actually bolsters FedEx Office's argument that where a statute is ambiguous or the literal interpretation would be absurd, as is the case with FACTA in its present application to the facts of this case, the court may look beyond the statutory language to Congressional intent. The standard is disjunctive: where the literal application of statutory language results in absurdity *or* the statutory language is ambiguous, a court may interpret the provision in a manner consistent with Congressional intent. Here, FACTA's language is both ambiguous with regard to its effect on the first digits of a credit card number *and* plaintiffs' asserted interpretation would lead to absurd results. As such, a court's inquiry into legislative history is the proper mechanism for effectuating Congressional intent.

A.   **Plaintiffs Misleadingly Rely on Cases Having Nothing To Do With the Statutory Ambiguity at Issue in This Case**

Plaintiffs cite a string of cases, both within and outside of the Ninth Circuit, in support of their argument that FACTA is unambiguous. Plaintiffs reliance on these cases is misplaced, however, because *each of those cases addresses the language regarding FACTA's applicability to expiration dates, not the printing of the first digits of a debit or credit card number*, and the cases are therefore inapposite to the arguments made in FedEx Office's Motion for Summary Judgment.

*Pirian v. In-N-Out Burgers*, 2007 WL 1040864, at *3 (C.D. Cal. Apr. 5, 2007) (determining FACTA is not ambiguous with regard to its effect on the printing of expiration dates on receipts or its application to both credit and debit

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

card numbers); *Arcilla v. Adidas Promotional Retail Ops.*, 488 F.Supp.2d 965, 970-971 (C.D.Cal. 2007) (holding that FACTA is not ambiguous with regard to the printing of expiration dates); *Soualian v. Int'l Coffee and Tea LLC*, 2007 WL 4877903, at *3 (C.D. Cal. May 22, 2007) (same); *Lopez v. Gymboree Corp.*, 2007 WL 1690886, at *3 (N.D.Cal. June 9, 2007) (same); *Aeschbacher v. Cal. Pizza Kitchen, Inc.*, 2007 WL 1500853, at *3 (C.D. Cal., April 3, 2007) (same); *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1209 (C.D.Cal. 2007) (relying on cases holding that FACTA is not ambiguous with regard to the printing of expiration dates); *Ramirez v. MGM Mirage, Inc.*, 524 F.Supp.2d 1226, 1234-1235 (D.Nev. 2007) (holding that FACTA is not ambiguous with regard to the printing of expiration dates); Plaintiffs' Exhibits in Opposition to Motion for Summary Judgment ("Plaintiffs' Exhibit") No. 14 (same); *Blanco v. El Pollo Loco, Inc.*, 2007 WL 113997, at *2 (C.D.Cal. April 3, 2007) (same).

The same is true of the cases plaintiffs cite that were decided outside of the Ninth Circuit. *Ramirez v. Midwest Airlines, Inc.*, 537 F.Supp.2d 1161, 1171-1172 (D.Kan. 2008) (determining FACTA is not ambiguous with regard to effect on the printing of expiration dates on receipts); *Kubas v. Standard Parking Corp.*, 594 F.Supp.2d 1029, 1032 (N.D.Ill. 2009) (same); *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782, 785-786 (N.D.Ill. 2007) (same); *Korman v. Walking Co.*, 503 F.Supp.2d 755, 759-761 (E.D.Pa. 2007) (same); *Follman v. Village Squire, Inc.*, 542 F.Supp.2d 816, 820-821 (N.D.Ill. 2007) (same); *Cicilline v. Jewel Food*, 542 F.Supp.2d 842, 848 (N.D.Ill. 2008) (same); *Follman v. Hospitality Plus of Carpentersville*, 532 F.Supp.2d 960, 965 (N.D.Ill. 2007) (same); *Buechler v. Keyco, Inc.*, 2010 WL 1664226, at *2 (D.Md. April 22, 2010) (same); *Troy v. Home Run Inn, Inc.*, 2008 WL 1766526, at *3 (N.D.Ill. April 14, 2008) (same); *Hedlund v. Hooters of Houston*, 2008 WL 2065852, at *4-5 (N.D.Tex. May 13, 2008) (same).

4.

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

1    Plaintiffs also cite to *Kubas v. Standard Parking Corp.*, 594 F.Supp.2d 1029,

2   1033 (N.D.Ill 2009), but in that Illinois decision, it was unclear which digits were

3   printed on plaintiffs' receipts, and the court there relied instead upon language

4   from the expiration date cases in denying the motion to dismiss. *Id.* The cases

5   relied upon in *Kubas* are the same type of cases quoted by plaintiffs, which merely

6   hold that FACTA "unambiguously prohibits a person from printing more than the

7   last five digits of a credit card on a receipt and from printing the expiration date on

8   a receipt." *Id.* As such, *Kubas* does not address nor in any way illuminate the

9   ambiguity at issue here.

10    The other cases plaintiffs rely upon do little to advance their argument.

11   *Grabein v. Jupiterimages Corp.*, 2008 WL 27034451 (S.D.Fla. July 7, 2008) is a

12   Florida decision where the court granted defendant's motion for summary

13   judgment, finding that the receipt at issue did not violate FACTA. *Id.* at *5.

14    Clearly, the arguments advanced by FedEx Office's Motion for Summary

15   Judgment have not been squarely addressed by the Ninth Circuit. Where, however,

16   other courts within the Central District have specifically analyzed the issue of

17   printing of the first few digits of debit or credit card numbers, they have

18   uniformly adopted FedEx Office's statutory interpretation. *In re Toys "R" Us-*

19   *Delaware, Inc.-Fair and Accurate Credit Transactions Act (FACTA) Litigation*,

20   2010 WL 5071073, *2 (C.D.Cal. Aug. 17, 2010); *Lopez v. KB Toys Retail, Inc.*,

21   2:07-cv-00144-JFW (CWx), slip op. (C.D.Cal. July 17, 2007).

22    **B.   _Broderick_ Underscores FACTA'S Ambiguity**

23    Relying on the inapposite expiration date cases addressed above, Plaintiffs

24   blindly assert that FACTA is unambiguous. The plain language of FACTA,

25   however, demonstrates its ambiguity, as recognized in *Broderick v. 119TCBay,*

26   *LLC*, 670 F.Supp.2d 612, 617 (W.D.Mich. 2009): "The subject ('no person') and

27   verb ('shall print') are clear enough. But the critical direct object of the sentence—

28   the part of the sentence that answers the question of what 'no person . . . shall print

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FEDEX OFFICE AND PRINT
SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

1  . . .'—is unclear." As such, there are two plausible interpretations of the statutory

2  language. *Id.* The first interpretation treats the word "more" as a noun, leading to

3  the "bizarre effect of permitting merchants to print on the receipt only the last five

4  digits of the card number and the expiration date of the card. Literally everything

5  else would be 'more,' and therefore unacceptable." *Id.* Prohibited information

6  would include, under this interpretation, a description of items purchased, the

7  amount of the purchase, the brand of the card, and so forth. *Id.* "In other words,

8  this grammatically possible construction would make it impossible to print the

9  information necessary to allow the receipt to serve its purpose." *Id.* The result

10  would, in other words, be absurd. The second plausible interpretation of the statute

11  treats "more" as an adjective, but it is unclear what that adjective would modify.

12  *Id.* at 618. It is precisely this ambiguity that now permits the court in this case to

13  look beyond statutory language in order to effectuate Congressional intent.

14      The *Broderick* court concluded that FACTA only limited printing of the final

15  digits of credit and debit card numbers, because "Congress is not interested in

16  specifying the content of a credit card receipt as part of some abstract, academic

17  exercise. **Rather, Congress is interested in preventing the actual harm of real**

18  **identity theft.**" *Id.* at 619 (emphasis added.) Under this interpretation, FedEx

19  Office was in full compliance with FACTA, as printing of the first two digits of

20  plaintiffs' credit card numbers did not create any real harm of identity theft.

21  (SSUF, ¶¶ 27, 39-40, 43.)[2]

22

23

24  [2] Plaintiffs assert that *Broderick*'s import is weakened by the ruling in *Bateman v.*
*American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010). *Bateman* holds that
25  while proportionality of potential liability to actual harm is an improper
consideration for denying class certification in FACTA cases, a showing of
26  "ruinous liability" may warrant denial of class certification. *Id.* at 720-723. It
further holds that FACTA has both compensatory and deterrent purposes. *Id.* at
27  718. Neither of these holdings in any way affects Congress' clear expression that
FACTA is intended to combat identity theft. *Id.* at 717-718 (finding that deterring
28  businesses from making sensitive consumer financial data available furthers
Congressional intent of restricting information available to identity thieves).

**C.    *In re Toys "R" Us* Directly Supports the Finding Urged Here That FACTA Is Ambiguous**

The Central District echoed the *Broderick* court's analysis when it denied class certification in *In re Toys "R" Us-Delaware, Inc.*, 2010 WL 5071073.  Plaintiffs assert that FedEx Office's citation to this case is misleading because FedEx Office did not cite to a prior summary judgment ruling in the same case.  (Plaintiffs' Opposition to Defendant FedEx Office and Print Services, Inc.'s Motion for Summary Judgment ("Opp.") 20:19-22.)  This argument is unavailing.  First, the decision to which plaintiffs cite, *Edwards v. Toys "R" Us,* 527 F.Supp. 1197 (C.D.Cal. 2007) was decided ***three years prior*** to the denial of class certification cited by defendant in its moving papers.  *In re Toys "R" Us-Delaware, Inc.*, 2010 WL 5071073.  Second, the language plaintiffs cite in arguing that FACTA is not ambiguous once again relies upon date expiration cases.  *Edwards,* 527 F.Supp. at 1209.  The court's summary judgment ruling clearly did not impact the court's subsequent denial of class certification, in which it correctly observed that **"there is no possibility that the printing of the first six digits [of plaintiffs' credit card numbers] could have resulted in a risk of harm greater than that prohibited by Congress."**  *In re Toys "R" Us-Delaware, Inc.*, 2010 WL 5071073, at *12 (emphasis added.)

Plaintiffs' argument that *Bateman* moots the *In re Toys "R" Us-Delaware, Inc.* holding is also unpersuasive.  The court's August 3, 2011 Order seeks briefing only on *Bateman's* effect on class certification in light of *Bateman's* holding that proportionality of potential liability to actual harm is an improper consideration for denying class certification, but a showing of "ruinous liability" may warrant denial of class certification.  Plaintiffs' Exhibit No. 6; *Bateman,* 623 F.3d at 720-723.  Defendant Toys "R" Us has briefed precisely that issue.  (Declaration of Stephanie Sheridan In Support Reply to Plaintiffs' Opposition to Defendant FedEx Office and Print Services, Inc.'s Motion for Summary Judgment ("Sheridan Decl."), ¶ 2,

SF/2562065v1

7.

1    Exh. 1.)³  These issues are entirely distinct from those set forth in FedEx Office's

2    instant Motion for Summary Judgment.

3        **D.    Legislative History and Other Interpretations of FACTA Confirm**

4             **the Ambiguity Highlighted in This Motion**

5        Plaintiffs cite to various legislative documents and other sources that ironically

6    only serve to further confirm the ambiguity of FACTA's language.  The first two

7    examples plaintiffs cite bear the same ambiguity as the statutory language in

8    15 U.S.C. § 1681c(g), in that it is unclear whether they preclude the printing of the

9    first few digits of a credit or debit card number.  S. Rep. 108-166, 2003 WL

10   22399643, at *27 (Oct. 17, 2003) ("no more than the last five numbers");

11   *Ramirez v. MGM Mirage, Inc.*, 524 F.Supp.2d 1226, 1235 (D.Nev. 2007) ("more

12   than the last 5 digits of a card number").  The same is true of the language in

13   Plaintiffs' Exhibit No. 9 ("more than the last five digits of the PAN").  Plaintiffs'

14   citation to a presidential signing statement does nothing to eliminate this

15   ambiguity.  Plaintiffs' Exhibit No. 9; *Estate of Reynolds v. Martin*, 985 F.2d 470

16   (Cal.App.9th 1993) ("We give little credence to President Bush's statement

17   accompanying his signing of the bill [regarding the Rehabilitation Act]. . . . It is

18   not the President's place to write federal statutes.") (internal citations omitted).

19       Similarly, the Federal Trade Commission's "FTC Business Alert," to which

20   plaintiffs cite, contains the same ambiguous language addressing "no more than the

21   last five digits" and then provides an example of what a truncated receipt "***could***

22   look like . . . ."  Plaintiffs' Exhibit 8 (emphasis added).  This in no way clearly

23   establishes what a properly truncated receipt ***must*** look like under the law; in fact,

24   it implies that receipts masking a different assortment of digits would also comply

---

³ FedEx Office does not submit "new" evidence on Reply, but rather submits
evidence in direct response to that adduced in plaintiffs' Opposition.  *See Terrell v.*
*Contra Costa Co.*, 232 Fed.Appx. 626, 629 n. 2 (9th Cir. Apr. 16, 2007).  FedEx
Office seeks to provide "the full context to [plaintiffs'] selected recitation of the
facts."  *Id.  See also Edwards v. Toys 'R' Us*, 527 F.Supp.2d 1197, 1205 n. 31
(C.D. Cal, 2007) ("Evidence is not 'new,' . . . if it is submitted in direct response
to proof adduced in opposition to a motion").

SF/2562065v1                        8.

with FACTA.  Further, each of the cases plaintiffs cite in an attempt to argue the relevancy of the "FTC Business Alert" is an expiration date case cited elsewhere in plaintiffs' Opposition and irrelevant for purposes of the pending Motion for Summary Judgment for the reasons addressed above.

Finally, contrary to plaintiffs' arguments, the "Class Action Alert" issued by FedEx Office's counsel comports with FedEx Office's interpretation of FACTA. That alert provides that "FACTA requires merchants to ensure that printed receipts for credit or debit card transactions do not include more than *five digits of an individual's account number* . . . ." Plaintiffs' Exhibit 10 (emphasis added). An individual's account number is comprised of digits seven through fifteen of a credit or debit card number. (SSUF ¶ 23). The cited class action alert therefore does not address the digits appearing at the front of a credit or debit card number.

In sum, plaintiffs have wholly failed to counter FedEx Office's proof that FACTA is ambiguous. As such, an inquiry into the statute's legislative history is appropriate. This legislative history reveals Congressional intent to combat identity theft, a purpose not served by restricting the printing of digits appearing at the front of a credit card number, as set forth in FedEx Office's Motion for Summary Judgment.

## III.   FEDEX OFFICE IS NOT RE-LITIGATING ITS MOTION TO DISMISS

Plaintiffs oppose FedEx Office's Motion for Summary Judgment on the erroneous basis that the Court previously denied FedEx Office's Motion to Dismiss on the same issues. Contrary to plaintiffs' assertions, FedEx Office is not re-litigating its Motion to Dismiss. A party may properly bring a motion for summary judgment despite having raised the same issues in an earlier unsuccessful motion to dismiss. *Beedy v. Wash. Water Power Co.*, 238 F.2d 123, 127 (9th Cir. 1956) (rejecting argument that district judge improperly granted Motion for Summary Judgment after earlier denial of the same party's Motion to Dismiss on same issues

before another district judge); *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (unsuccessful motion to dismiss may be followed by a motion for summary judgment, because on summary judgment, unlike on motion to dismiss, a party cannot rest on the pleadings; a court will look to the evidence before it); *Samsung SDI Co.*, 2006 WL 5097404 at *1 n. 1 (C.D.Cal. June 15, 2006). A §Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is directed to the sufficiency of a complaint, whereas a Rule 56 motion for summary judgment considers material outside of the complaint; therefore, a motion to dismiss does not preclude the later filing of a motion for summary judgment, even where the same issues are presented. *Beedy*, 238 F.2d at 127; *Behrens*, 516 U.S. at 309.

Plaintiffs further ignore the fact that FedEx Office's Motion to Dismiss was brought solely on the pleadings, whereas in its Motion for Summary Judgment, FedEx Office has introduced supporting evidence, particularly the Declaration of Evan Hendricks in Support of FedEx Office and Print Services, Inc.'s Motion for Summary Judgment. Not only does federal law authorize FedEx Office to bring its Motion for Summary Judgment regardless of its previously filed Motion to Dismiss, but also plaintiffs, by characterizing these motions as merely a ruse intended to force the court to re-litigate issues, ignore the essential distinctions between these two types of motions.

Moreover, ***after*** Judge Guilford issued his Order denying FedEx Office's Motion to Dismiss, and without having any way of knowing that this case would be transferred to another Judge, FedEx Office specifically notified Judge Guilford and plaintiffs on the record of its intention to bring this Motion for Summary Judgment. (Sheridan Decl., ¶ 3, Exh. 2.) To argue that FedEx Office intended to pull the wool over the court's eyes by filing a Motion to Dismiss before one judge and strategically filing a Motion for Summary Judgment before another simply does not pass muster, as FedEx Office has been consistently transparent with the

1  court and plaintiffs about its intention to file this Motion for Summary Judgment

2  throughout this litigation.

3       **E.**     **The Cases Cited in the Court's Order on FedEx Office's Motion**

4              **To Dismiss Are Inapplicable to FedEx Office's Motion for**

5              **Summary Judgment**

6       Not only is a motion to dismiss fundamentally different from a motion for

7  summary judgment based upon the consideration of evidence, but also, the cases

8  relied upon by the court in denying FedEx Office's Motion to Dismiss are

9  inapplicable to FedEx Office's Motion for Summary Judgment.  Indeed, the cases

10  relied upon by Judge Guilford in denying FedEx Office's Motion to Dismiss **are**

11  **the same expiration date cases cited within plaintiffs' Opposition.**[4]

12  As addressed above, these cases only pertain to the ambiguity of FACTA with

13  regard to its applicability to expiration dates; they do not address FACTA's

14  ambiguity with regard to printing  specific credit or debit card digits.  *See*

15  Plaintiffs' Exhibit No. 3; *Pirian,* 2007 WL 1040864, at *3 (determining FACTA is

16  not ambiguous with regard to its effect on the printing of expiration dates on

17  receipts or its application to both credit and debit card numbers); *Soualian*, 2007

18  WL 4877903, at *3 (holding that FACTA is not ambiguous with regard to the

19  printing of expiration dates).

20       **F.**     **Local Rule 7-17 Is Irrelevant**

21       Plaintiffs assert that FedEx Office has not complied with Local Rule 7-17 in

22  bringing its Motion for Summary Judgment.  Local Rule 7-17, however, only

23  addresses the *resubmission* of motions.  Plaintiffs' conflation of FedEx Office's

24  Motion to Dismiss and Motion for Summary Judgment fails because, as addressed

25  above, FedEx Office is not resubmitting its Motion to Dismiss, but rather is filing a

26

27    [4] Additionally, it is worth noting that the court denied the motion to dismiss without oral argument, where this very important distinction between the

28  expiration date cases that had addressed ambiguity could have been explained in more detail.

11.

1   separate and proper Motion for Summary Judgment, with new evidence in the form
2   of affidavits and the concomitant application of a different standard of review.

3   **IV.   PLAINTIFFS' LACK OF DAMAGES ARE RELEVANT IN**
4         **DEMONSTRATING THE OPPORTUNISTIC NATURE OF**
5         **THIS LAWSUIT**

6       What plaintiffs categorize as FedEx Office's "gripes" about plaintiffs' lack of
7   damages are in fact highly relevant to the issues at hand.  Plaintiffs' receipts were
8   for very small sums of money.  (SSUF ¶¶ 4-5.)  Indeed, FedEx Office's
9   transactions at Express Pay kiosks are generally for inexpensive services such as
10  copies.  (SSUF ¶ 5.)  Because of this, a high volume of small purchases are made
11  by customers, exposing FedEx Office to many more potential violations under
12  FACTA.  As plaintiffs note, "FACTA allows a consumer to recover damages
13  between $100 and $1,000 for each willful violation of FACTA without having to
14  prove actual damages."  15 U.S.C. § 1681n.  Where, as here, it is alleged that
15  several million violations took place, FedEx Office could be exposed to ***billions of***
16  ***dollars in liability***, despite the complete absence of injury to plaintiffs.  Thus, the
17  Ninth Circuit's concern over "ruinous" liability in *Bateman*.  623 F.3d at 721-722.
18  Such "grossly excessive" punishment, particularly where plaintiffs are completely
19  uninjured, is prohibited by the Constitution's Fourteenth Amendment Due Process
20  Clause.  *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 409
21  (2003).  A damage award of billions of dollars in the face of zero injury "is so out
22  of line with reason that it shocks the conscience . . . ."  *Cosby v. AutoZone, Inc.*,
23  2011 WL 3267704, at *1 (Cal.App.9 August 1, 2011) (citing *Seffert v. L.A. Transit*
24  *Lines*, 56 Cal.2d 498 (1961) (*en banc*)).  FedEx Office faces potentially ruinous
25  liability for alleged violations of an ambiguous, highly technical statute, where
26  plaintiffs admittedly incurred no injury and its expert has shown here that there
27  was no increased risk of identity theft based on the printing of the first two digits
28  of the credit card number on plaintiffs' receipts.

12.

1    In contrast, plaintiffs' allegations of FedEx Office's prior FACTA violations are

2    undoubtedly irrelevant to this Motion for Summary Judgment.  Plaintiffs concede

3    that the alleged prior violations involved the printing of ***expiration dates*** on

4    receipts.  (Op. 24:10-12).  Because the pending motion involves not the printing of

5    expiration dates but the printing of digits at the beginning of a credit card number,

6    plaintiffs' arguments regarding alleged prior violations of FACTA are misleading

7    attempts to cast defendant in a bad light.

8    **V.    FEDEX OFFICE COMPLIED WITH THE LOCAL RULES IN**

9    **BRINGING ITS MOTION FOR SUMMARY JUDGMENT**

10    As stated in its Notice of Motion for Summary Judgment, FedEx Office had

11    notified plaintiffs that it would file its motion at multiple times since October 20,

12    2010.  The reporter's transcript of pretrial proceedings dated February 14, 2011,

13    evidences, on the record, that plaintiffs' counsel was aware of FedEx Office's

14    intention to file a Motion for Summary Judgment at least as of that date. (Sheridan

15    Decl. ¶ 3, Exh. 2.)  FedEx Office's counsel has subsequently discussed at length

16    the basis for its Motion for Summary Judgment with plaintiffs' counsel in person

17    and during multiple telephonic meet and confer sessions.  (Sheridan Decl. ¶ 4.)  It

18    is disingenuous, at best, for plaintiffs' counsel to contend that he was surprised by

19    the filing of this motion, which had been discussed many times.  The point of the

20    local rule is obviously to prevent surprise and avoid, if possible, the filing of

21    unnecessary motions in the event that the parties can stipulate to issues without

22    wasting the court's time and resources.  Here, defendant has made its strongly-held

23    belief that FACTA is not violated here known since the outset of this litigation.

24    **VI.    CONCLUSION**

25    The issue presented in FedEx Office's Motion for Summary Judgment is one

26    that has not been squarely decided within the Ninth Circuit.  It would be a proper

27    exercise of judicial power for this court to hold that plaintiffs' claim relies on an

28    interpretation of an ambiguous part of FACTA that can only produce an absurd

SF/2562065v1                                        13.

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FEDEX OFFICE AND PRINT
SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

result.  Plaintiffs' interpretation would permit the printing of the brand name of a card on a receipt, but not the first card digit symbolizing that name.  It would prohibit the printing of the second card digit, despite the fact that such digit cannot be used to commit identity fraud.  Moreover, it would fly in the face of prior Central District decisions correctly holding that the printing of the first few digits of a debit or credit card number does not result in a risk of harm greater than that which Congress prohibited.

It is consistent with the court's authority, Congressional intentions to protect consumer privacy, and the policy of preventing ruinous and opportunistic class actions to conclude that FACTA does not prohibit the printing of digits that appear at the front of a credit or debit card number.  FedEx Office respectfully requests that the court enter summary judgment in its favor and against plaintiffs in all respects.

DATED:  October 24, 2011  Sedgwick LLP

By: /s/ Stephanie Sheridan
      Stephanie Sheridan
      Attorneys for Defendant
      FEDEX OFFICE AND PRINT SERVICES, INC.

14.

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FEDEX OFFICE AND PRINT
SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT