STEPHANIE SHERIDAN  (State Bar No.135910)
stephanie.sheridan@sedgwicklaw.com
VICTORIA PAAL          (State Bar No. 260396)
victoria.paal@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA  94104
Telephone:  415.781.7900
Facsimile:   415.781.2635

Attorneys for Defendant
FEDEX OFFICE AND PRINT SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZMIG TCHOBOIAN and ANGELA POTIKYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC. (f/k/a FEDEX KINKOS OFFICE AND PRINT SERVICES, INC.); DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV10-01008-JAK-(MLGx)<br><br>**DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS**<br><br>Judge:  Hon. John A. Kronstadt<br>Date:   November 7, 2011<br>Time:   1:30 p.m.<br>Ctrm:   750 – 7th Floor |

Defendant FedEx Office and Print Services, Inc. ("FedEx Office") hereby replies to Plaintiff's Objections to and Request to Strike Declaration of Evan Hendricks.

| Items Objected To | Plaintiffs' Objections | Court's Ruling |
|---|---|---|
| The entire Declaration Of Evan Hendricks In Support Of FedEx Office And Print Services, Inc.'s Motion For Summary | Mr. Hendricks' Declaration is inadmissible in its entirely because it is **not** "subscribed by him, as true *under penalty of perjury"* as required by 28 U.S.C. § 1746. | |

1.

| Judgment | "Critical in the statutory prerequisite is the phrase 'under penalty of perjury," as the purpose of 28 U.S.C. § 1746 is 'to set the stage for a federal prosecution in the event of falsity.'" *US v.Branella*, 972 F.Supp.294,5 300 (D. N.J. 1997 [holding inadmissible two affidavits submitted in connection with summary judgment]. | |
| | "The first three declarations [citing declarations]) are not given under penalty of perjury. These declarations are not made in accordance with 28 U.S.C. § 1746, therefore they do not satisfy the requirements of FRCP 56(e) and are not admissible as evidence. *Tearfie v. Whittlesea Blue Cab Co.*, No. 98-16377, 1999 WL 278100, at*1I n.4 (9th' Cir. Apr.12,5 1999) (declining to consider affidavit not made under penaltyof perjury); *Reese v. Baldwin*, No. 97-35894, 1998 WL 452092, at *1 (9th Cir. July 27, , 1998) (district court did not abuse its discretion by excluding statement not made under r penalty of perjury as inadmissible)." *Chao v. Westside Drywall, Inc.*, 709 7 F.Supp.2d 1037, 1052 (D. Or. 2010). | |
| | "28 U.S.C. § 1746 mandates that the affiant declare, under penalty of perjury, that the facts contained in the affidavit are true. Therefore,'[a]ffidavits are admissible in summary judgment proceedings[only] if they are made under penalties of perjury,' meaning that a district court may properly reject unsworn documents. Id. (citing 28 U.S.C.§ 1746)." *Elder-Keep v. Aksamit*, 460 F. 3d 979, 984 (8th Cir. 2006) | |

2.

Sedgwick LLP

[holding that "the district court was authorized to exclude sua sponte such affidavits from its consideration of the first summary judgment motion"].

Other examples abound: *Davenport v. State Center Community College Dist.*, 654 F.Supp.2d 1073, 1083-1085 (E.D. Cal. 2009) [rejecting multiple declarations submitted in connection with summary judgment that were not made under penalty of perjury]; *Pagan v. Holder*, 741 F.Supp.2d 687, 694 fn. 11 (D. N.J. 2010) [same]; *Matter of Muscatell*, 106 B.R. 307, 308 at fn. 1 and 309 (M.D. Fl. 1989) [granting new trial because summary judgment should not have relied upon affidavit that failed to comply with 28 U.S.C. § 1746; "An unsworn declaration not made under the penalty of perjury will not satisfy the verification requirement under 28 U.S.C. § 1746"]; *In re Houghton*, 123 B.R. 869, 872 (C.D. Cal. 1991) [rejecting expert opinion declaration not made under penalty of perjury and calling it argument]; *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363 n.3 (6th Cir. 2001) [holding that district court properly disregarded a witness statement in connection with summary judgment that was unsworn and not given under penalty of perjury]; *Network Computing Services Corp. v. Cisco Systems*, 152 Fed.Appx. 317, 321 (4th Cir. 2005) [striking letter in connection with summary judgment because it did not comply with under penalty of perjury language of 28 U.S.C. §1746]; *Flowers v. Abex Corp.*, 580 F.Supp. 1230, 1233 fn. 2 (N.D. Ill.1984)

3.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

| | |
|---|---|
| [disregarding affidavits for summary judgment purposes because they failed to comply with 28 U.S.C. § 1746]. Mr. Hendricks' Declaration is, by definition, an *unsworn* declaration governed by the "penalty of perjury" requirements of 28 U.S.C. § 1746. It is not a sworn declaration or affidavit. In order to be "sworn" it must be made "before someone who is authorized to administer an oath.'" Elder-Keep v. Aksamit, 460 F. 3d 979, 984 (8th Cir. 2006). For example, the Ninth Circuit found that an affidavit was sworn under oath where the affiant appeared before "a person authorized to administer an oath" and the "affidavit itself contained a jurat reading, 'Subscribed and sworn to before me ....', and the text of the affidavit began with the words, 'DENNIS YOSHIDA, being first duly sworn, on oath, deposes and says:'" *United States v. Yoshida*, 727 F.2d 822, 823 (9th Cir.1983). As set forth above, Mr. Hendricks' unsworn Declaration fails to comply with the "penalty of perjury" requirements of 28 U.S.C. § 1746 and is inadmissible in its entirety. | |

**DEFENDANT'S REPLY:**

Plaintiffs' objections are not "succinctly stated" or "concise" as required by Judge John A. Kronstadt's Standing Order 10.c.iii.  Plaintiffs' request to strike Mr. Hendricks's declaration is moot, as FedEx Office has filed concurrently with its reply an amended declaration of Evan Hendricks that contains the language required by 28 U.S.C. § 1746.  *Angelone v. Seyfarth Shaw LLP*, 2007 WL 1033458, at *3 n. 6 (E.D.Cal. April 3, 2007) (plaintiffs' motion to strike declaration for failure to provide "penalty of perjury" statement due to clerical

4.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

oversight denied in light of amended declaration containing requisite language); *Story v. Sunshine Foliage World, Inc.*, 120 F.Supp.2d 1027, 1031-1032 (M.D.Fla. 2000) (original affidavit in support of summary judgment motion did not include requisite "penalty of perjury" language but was timely submitted; corrected affidavit related back to filing date of original and was thus also timely); *Molokai Chamber of Commerce v. Kukui (Molokai), Inc.*, 891 F.Supp. 1389, 1394 n. 2 (D.Hawai'i, 1995) (denying motion to strike declarations for failure to contain "penalty of perjury" language where corrected declarations were filed, and defendants had knowledge of the contents of the declarations and therefore were not prejudiced); *U.S. v. Gritz Brothers Partnership*, 155 F.R.D. 639, 644 (E.D.Wis. 1994) (dismissing as moot motion to strike declaration for failure to include "penalty of perjury" language required by 28 U.S.C. § 1746 because government filed corrected declaration; corrected declaration reverted back to filing date of original declaration, which was timely filed).

| | | |
|---|---|---|
| 11.  The number that appears on the face of a payment card issued by a U.S. financial institution is governed by an international standard that allows financial institutions, merchants, cardholders and payment networks throughout the world to interoperate and exchange information in a seamless fashion. The standard was developed by the International Organization for Standardization (ISO) and the International | In his Declaration, Mr. Hendricks does not claim to be (or have ever been) an employee, officer, agent or other person with personal knowledge of any "U.S. financial institution," the "International Organization for Standardization ('ISO')," the "International Electrotechnical Commission ('lEC')," "American Express," "Visa," "MasterCard," "Discover," or "Wikipedia," nor has he provided *any documentary evidence* from any of these or any other persons or entities. Yet, he attempts to speak for them and assert "facts" on their behalf, including his own characterization of what certain documents (which have not been provided) say or mean. Litigants | |

5.

Electrotechnical Commission (IEC). The current version, called ISO ISOIIEC 7812-1 :2006, was published in 2006.

12.  A payment card number used by a financial institution in the U.S. typically consists of 16 digits. The first digit is reserved in the international  standard to identify the major industry of the issuer, but in practice this first digit has come to identify the brand of the card. American Express cards begin with 3; Visa cards begin with 4; MasterCard cards begin with 5 and Discover cards begin with 6. The correlation between card brands and the first digit is widely known to the public, and in particularly to potential fraudsters. The first six digits, including the first number, are the Bank Identification Number (BIN). This BIN identifies the financial institution that issued

cannot circumvent the traditional percipient witness and documentary evidence requirements by using "expert" declarations to establish purportedly underlying "facts." *In re Rezulin Products Liability Litigation*, 309 F.Supp.2d 531, 551 (S.D. N.Y. 2004). "Such material, to the extent it is admissible, is properly presented through percipient witnesses and documentary evidence." *Ibid*. Indeed, Mr. Hendricks concedes in paragraph 15 of his Declaration that this is not opinion, but "***basic facts*** about the payment card numbering system, as set forth in paragraphs 11 to 13."

Additionally, Mr. Hendricks' attempts to characterize the contents of documents (including purported standards, rules, etc.) of other organizations is a clear violation of the Best Evidence Rule (Federal Rules of Evidence "FRE" Rule 1002) which requires that, to prove the contents of the material, the material itself must be provided. *Bissoon-Dath v. Sony Computer Entertainment America, Inc.*, 694 F.Supp.2d 1071, 1080 (N.D. Cal. 2010) [striking expert's opinion about the contents of documents under FRE 1002], opinion adopted and affirmed in full in *Dath v. Sony Computer Entertainment America, Inc.*, - -- F.3d ----, 2011 WL 3250633 (9th Cir., July 29, 2011).

In addition to the above, the inadmissibility of Mr. Hendricks'

6.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

the card. These numbers are not published by the payment networks or the financial institutions. Many of these BINS, however, are known to stakeholders in the industry including retailers and processors and are available from time to time on Websites. For instance, the online encyclopedia Wikipedia lists various BIN numbers, and I can attest to the accuracy of many of those listed.

13. The numbers 7 through 15 are reserved for an account number specific to the individual who receives the card.

The final number is a function of the previous numbers and serves as a check that the number is a valid card number.

14. The check system works as follows: in a 16 digit account number, double every odd numbered digit

testimony is further demonstrated and underscored by the very first paragraph of Mr. Hendricks' Declaration wherein he concedes that some of his purported "knowledge is based upon information and belief." "Declarations on information and belief are insufficient to establish a factual dispute for purposes of summary judgment." *Maurey v. University of Southern California*, 87 F.Supp.2d 1021, 1030 (C.D. Cal. 1999); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Federal Rules of Civil Procedure ("FRCP") Rule 56(c)(4) requires a declarant's testimony to be based upon "personal knowledge." "A declarant must show personal knowledge and competency 'affirmatively,' under Rule 56(e), for example, by 'the nature of the declarant's position [with the organization] and nature of participation in matter.' Boyd v. City of Oakland, 458 F.Supp.2d 1015, 1023 (N.D. Cal. 2006); Barthelemy v. Airtkines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir.1990).

Additionally, Mr. Hendricks' assertions about digits and the purported standards that govern them are entirely irrelevant and have no probative value under FRE Rules 402 and 403, because FACTA expressly prohibits the printing of "more than the last 5 digits."

Moreover, although this purported evidence is a lead-in attempt to get the Court to consider purported

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

(the first, third, fifth, etc.); if the result exceeds 9, subtract nine from this result (this guarantees that each result is 9 or less); then add up all these digits, the doubled digits as well as the others. If this sum is divisible by 10, then the card number is valid.

For instance, let's examine the following number to see if it is a valid card number:4388 1234 5678 9876 First, double all the odd numbered digits. This produces: 8 3 16 822 64 106 14 8 18 8 146 Then go through this number and subtract 9 from every number greater than 9:83782264 1658 9856

This number sums to 88 which is not divisible by 10. So the number is not a valid payment card number. After the fact, this formula serves to check the validity of a number.

From the issuer point of view, however, the

"facts" extrinsic to the statute, this would not, in any event, be the type of extrinsic "facts" that the Court can consider or rely upon.

"This circuit relies on official committee reports when considering legislative history, not stray comments by individuals or other materials unrelated to the statutory language or the committee reports." *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1082 (9th Cir. 1999).

8.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

| | | |
|---|---|---|
| final digit is something to choose to make sure the number is valid.<br><br>Hendricks Decl. ¶¶ 11-14. | | |

## DEFENDANT'S REPLY:

Plaintiffs' objections are not "succinctly stated" or "concise" as required by Judge John A. Kronstadt's Standing Order 10.c.iii.  Mr. Hendricks's declaration demonstrates that he possesses specialized knowledge, skill, and education on the subject matter of his testimony. Fed. Rule. Ev. 702; *Miles v. General Motors Corp.*, 262 F.3d 720, 724 (8th Cir. 2001) (expert's extensive experience in relevant field qualified him to testify under Rule 702); First Amended Declaration of Evan Hendricks in Support of FedEx Office and Print Services, Inc.'s Motion for Summary Judgment ("Hendricks Decl."), ¶¶ 2-10, Exh. 1.  Mr. Hendricks has been certified as an expert in federal court actions involving the same subjects at issue in this matter.  (Hendricks Decl. ¶ 7.)  Experts are permitted to base their opinions on hearsay, and they need not have personal knowledge of facts underlying their opinions.  Fed. Rule Ev. 703; *Aguilar-Ramos v. Holder*, 594 F.3d 701, 706 n. 7 (9th Cir. 2010); *Abarca v, Franklin Co. Water Dist.*, 761 F.Supp.2d 1007, 1031 n. 31 ("Experts commonly rely on material prepared by others to develop their findings and ultimate conclusions).  Mr. Hendricks does not cite to documentary evidence as a source of a factual contention, but rather relies on his review of various documents in order to form his expert opinion.  As such, Mr. Hendricks need not attach sworn or certified copies of all documents relied upon in making his declaration.  *Kim v. Iterdent, Inc.*, 2010 WL 3155011, at *8 n. 7 (N.D.Cal. August 3, 2010).  Mr. Hendricks's declaration is also not offered to prove the truth of the contents of any writing—rather, he testifies to international practices that transcend any specific document—so the "Best Evidence Rule" is inapplicable.

9.

Fed. Rule. Ev. 1002.  Mr. Hendricks's Declaration provides he is "familiar with and [has] personal knowledge of the matters set forth in this declaration and if called upon to do so, could and would testify competently thereto, except where [his] knowledge is based upon information and belief, and as to those matters I understand and believe them to be true." ¶ 1.  An expert's personal knowledge may be inferred from a declaration itself, given the declarant's position and experience in the issues. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990); *Self-Realization Fellowship Church v. Ananda Church of Self-Realization,* 206 F.3d 1322, 1330 (9th Cir. 2000).  Mr. Hendricks's testimony is relevant in that it shows the relation of specific credit or debit card digits to the card number as a whole and demonstrates which card digits may lead to a breach of consumer privacy if revealed. These issues directly affect what constitutes a reasonable interpretation of FACTA in light of expressed Congressional intent, the very subject of FedEx Office's Motion for Summary Judgment.  Fed. R. Ev. 402 and 403.   Finally, a court may properly consider an expert's analysis of a statute's legislative history. *Miller v. Peavey Co.,* 1988 WL 47730, at *2, n. 4 (9th Cir. April 29, 1988) (affirming District Court's holding based, in part, on expert witness's analysis of legislative analysis of a state statute).

| 16. Industry practices and rules ensure that the card brand name is printed on the cardholder's receipt. For instance, the summary of Visa's rules for merchants clearly states: "The payment brand used to complete the transaction must be identified on the cardholder's copy of | Once again, Mr. Hendricks recites purported "industry practices and rules" without complying with any of the evidentiary procedures or foundation requisite for the admission of such material. Again, this is a clear violation the Best Evidence Rule (FRE Rule 1002) which requires that, to prove the contents of the material, the material itself must be provided. *Bissoon-Dath v. Sony Computer Entertainment America, Inc.*, 694 F.Supp.2d 1071, 1080 (N.D. Cal. | |

10.

Sedgwick

| | | |
|---|---|---|
| the transaction receipt." The reason for this is to remind the cardholder which brand of card he used for a particular transaction. | 2010) [striking expert's opinion about the contents of documents under FRE 1002], opinion adopted and affirmed in full in *Dath v. Sony Computer Entertainment America, Inc.*, --- F.3d ----, 2011 WL 3250633 (9t Cir., July 29, 2011). | |
| Hendricks Decl. ¶ 16. | This is also inadmissible and irrelevant for all of the other reasons set forth above in objection to ¶¶ 11-14 of the Hendricks Declaration, which are incorporated by reference herein.

Mr. Hendricks' conclusions are also demonstrably false and therefore unreliable under FRE 702. For example, within hours after FedEx filed its latest motion, and while Plaintiffs' counsel was in San Francisco (where defense counsel is located) for the mediation, receipts for incidental purchases which Plaintiffs counsel made with a Visa "brand" (including a BART metro receipt) demonstrate that the "brand" Visa is not printed on every receipt. Exhibit 5 and Yedalian Decl. ¶ 5. Additional examples of receipts from Walmart, Target, Ralphs and Trader Joe's also demonstrate that the Visa "brand" is not printed on the receipt. Exhibit 5 and Yedalian Decl. ¶ 5.

Mr. Hendricks' remarks are also irrelevant and has no probative value under FRE Rules 402 and 403 because, to the extent they suggest that purported Visa "rules" can somehow trump or otherwise | |

11.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

circumvent a federal statute such as FACTA, that is just plain wrong. The Supremacy Clause of the United States Constitution, Article VI. Clause 2, expressly states that "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the authority of the United States, shall be the supreme Law of the Land...."

Moreover, it is clear that Visa itself understands that "(FACTA) of 2006 prohibits merchants from printing more than the last five digits of the PAN [primary account number imprinted on the card] or the card expiration date on any cardholder receipt." Exhibit 9; Yedalian Decl. ¶ 9.

Moreover, Visa itself requires that merchants "Disguise or suppress all but the last four digits of the PAN, and suppress the full expiration date, on the cardholder's copy of a transaction receipt." Exhibit 9 at p. 2; Yedalian Decl. ¶ 9.

Visa also provides an example as follows: "Example: XXXXXXXXXXXX1234 for the PAN and XXXX for the expiration date." Exhibit 9 at p. 2; Yedalian Decl. ¶ 9.

The remarks concerning Visa are also irrelevant and have no probative value under FRE Rules 402 and 403 as to any other "brand," including the "brand" of Mr.

12.

Tcboboian's debit card which is not a Visa. Exhibit 15: Tchoboian Depo. at p. 91:4-16; Yedalian Decl. ¶ 17.

Also, and obviously, Mr. Hendricks does not have personal knowledge of the receipt printing practices of all merchants in the United States that accept cards and, therefore, it is impermissible and unreliable for him to testify as though he does.

The unreliability of these statements are  also further shown by the contradictions in Mr. Hendricks' Declaration. For example, in paragraph 12, Mr. Hendricks concedes that the ISO/IEC does **_not_** itself state or require that the first digit of a credit card number identify the "brand" of the card. To the contrary, he states that "The first digit is reserved in the international standard to identify the major industry of the issuer," such as, for example, "banking/financial." This contradiction is further explained on objections to paragraph 15, below.

Additionally, Mr. Hendricks' first sentence is an impermissible conclusion about the effects of purported  "practices and rules." US v. Scholl, 166 F.3d 964, 972-973 (9th Cir. 1999) [expert testimony that "record-keeping method met IRS standards" was improper conclusion that cannot be admitted].

**DEFENDANT'S REPLY:**

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

FedEx Office incorporates by reference its reply to plaintiffs' objections with regard to Paragraphs 11-14.   Plaintiffs attempt to supplement their objections with additional "facts" that should properly be set forth in plaintiffs' own separate statement.  (Plaintiffs' Objections to and Request to Strike the Declaration of Evan Hendricks ("Plaintiffs Objections") 6:18-27, 7:9-19; Judge John A. Kronstadt's Standing Order 10.c.I.)  Plaintiffs did not submit a separate statement, and FedEx Office requests such "facts" be stricken.  FedEx Office's evidentiary objections to Mr. Yedalian's declaration are set forth in FedEx Office's Objections to Declaration of Chant Yedalian in Opposition to Motion for Summary Judgment, filed concurrently herewith.

| | | |
|---|---|---|
| 15.  Industry officials explained these basic facts about the payment card numbering system, as set forth in paragraphs 11 to 13 above, to key Congressional staff in the course of legislative consideration of the FACT Act in 2003. The brand of the card is associated with the first digit of the 16 digit account number. Like the first digit, the second digit is part of the Bank Identification Number (BIN).  Thus, printing the first two digits on the cardholder's receipt does not add any new information for someone who picks up | Once again, Mr. Hendricks' recitation of what he calls "basic facts" are not the proper subject of expert testimony, violate the Best Evidence Rule, lack personal knowledge, are irrelevant and are otherwise inadmissible for all of the reasons set forth above in objection to ¶¶ 11-14 of the Hendricks Declaration, which are incorporated by reference herein. Further, and consistent with those above objections, Mr. Hendricks does not have (nor does he purport to have) personal knowledge of the purported discussions with unspecified "key Congressional staff." And even if he did have any personal knowledge, his testimony would still be inadmissible: "Expert witnesses are not permitted to testify as to the 'knowledge, motivations, intent, state of mind, or purposes' of others. See In re | |

14.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

the receipt and is looking to use the information on the card to commit payment card fraud. There are approximately 650 Visa BINs. The first two digits range from 40 to 49. There are approximately 605 MasterCard BINs. The first two digits range from 50 to 58, 60, and 62 to 63. This quantity of digits allows for a vast number of variations among the six digit BINs.

Hendricks Decl. ¶ 15.

Fosamax Products Liability Litigation, 645 F.Supp.2d 164, 192 (S.D.N.Y.2009); *In re Rezulin Products Liability Litigation*, 309 F.Supp.2d 531, 546 (S.D.N.Y.2004) ('[T]he opinions of these witnesses on the intent, motives, or states of mind of corporations, regulatory agencies and others have no basis in any relevant body of knowledge or expertise.'); *Taylor v. Evans*, 1997 WL 154010, at *2 (S.D.N.Y.1997) ('[M]usings as to defendants' motivations would not be admissible if given by any witness-lay or expert.'). Willig's expertise as an economist does not give him any specialized knowledge to discern the thought processes of [others]. Id. ('regulatory expertise does not give her the ability to read minds.')" *Fleischman v. Albany Medical Center*, 728 F.Supp.2d 130, 168 (N.D. N.Y. 2010).

Furthermore, even if the Court were to consider the intent of the legislature, it would not turn to a purported expert. "This circuit relies on official committee reports when considering legislative history, not stray comments by individuals or other materials unrelated to the statutory language or the committee reports." *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1082 (9th Cir. 1999).

Mr. Hendricks' conclusions are also demonstrably false and therefore unreliable under FRE 702. For example, in paragraph 12 of his

15.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

declaration, Mr. Hendricks asserts that "MasterCard cards begin with 5" yet in this paragraph 15, he contradicts himself by stating that "The first two digits [for MasterCards] range from 50 to 58, 60, and 62 to 63." Hendricks Decl. ¶ 15 at p. 7:4-5. Therefore, according to this paragraph 15 (contrary to his earlier statement in paragraph 12), the first digit of a MasterCard "brand" of card can be a either a 5 or a 6.

Additionally, according to his statement in this paragraph 15, the second digit of a MasterCard "brand" of card can be any digit ranging from 0-8. Hendricks Decl. ¶ 15 at p. 7:4-5. Likewise, Mr. Hendricks claims in this paragraph 15 that the second digit of a Visa "brand" of card can be any digit ranging from 0-9. Hendricks Decl. ¶ 15 at p. 7:2-3.

In other words, even assuming *arguendo* that one knew that the "brand" of the card is a MasterCard "brand," they would not know whether the second digit is a 0, 1, 2, 3, 4, 5, 6, 7, or 8. Similarly, even assuming *arguendo* that one knew that the "brand" of the card is a Visa "brand," they would still not know whether the second digit is a 0, 1, 2, 3, 4, 5, 6, 7, 8 or 9. If on the other hand, the second digit is printed on a receipt, that by definition, reveals the digit.

Therefore, printing the first two

16.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

digits of a card number obviously provides additional information to "someone who picks up the receipt" who would not otherwise know this information.

The unreliability of Mr. Hendricks' statements are also further shown by the other contradictions in Mr. Hendricks' Declaration. For example, in paragraph 12, Mr. Hendricks concedes that the ISO/IEC does **_not_** itself state or require that the first digit of a credit card number identify the "brand" of the card. To the contrary, he states that "The first digit is reserved in the international standard to identify the major industry of the issuer," such as, for example, "banking/financial." Brands such as Visa, MasterCard, American Express and Discover all fall under the same major industry, "banking/financial."       As Mr. Hendricks' Declaration concedes, there can be several digits that are used for the "banking/financial" industry. For example, Mr. Hendricks' concedes that the first digit of a MasterCard can be either a 5 _or_ 6. "The first two digits [for MasterCards] range from 50 to 58, 60, and 62 to 63." Hendricks Decl. ¶ 15 at p. 7:4-5.  As Mr. Hendricks also concedes in paragraph 12, a Discover Card can also have its first digit begin with a 6. Hendricks Decl. at p. 5:20-21.  Therefore, his insinuation that the "the brand of the card is associated with the first digit" is misleading and not true,

17.
DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

|  | because if the first digit is a 6, for example, based upon Mr. Hendricks' own "facts," it is not going to let one know whether it is a MasterCard or Discover "brand" of card. However, if one prints the first digit on a receipt, that conclusively establishes the first digit.  Moreover, as explained above, regardless of whether the "brand" of card is or is not known, as Mr. Hendricks concedes in this paragraph 15, the second digit of a MasterCard "brand," can be a 0, 1, 2, 3, 4, 5, 6, 7, or 8. Similarly, and as Mr. Hendricks also concedes in this paragraph 15, the second digit of a Visa "brand," can be a 0, 1, 2, 3, 4, 5, 6, 7, 8 or 9. Therefore even if one knew the "brand" of a card, they still would not know the second digit. If on the other hand, the second digit is printed on a receipt, that conclusively establishes the second digit and reveals the second digit. |  |
|---|---|---|

**DEFENDANT'S REPLY:**

FedEx Office incorporates by reference its reply to plaintiffs' objections with regard to Paragraphs 11-14.   Plaintiffs' alleged facts contained in Mr. Yedalian's declaration and Exhibit 5 thereto are not properly set forth in plaintiffs' own separate statement, and FedEx Office requests these "facts" be stricken. (Judge John A. Kronstadt's Standing Order 10.c.I.)  Mr. Hendricks's testimony is relevant in that it shows which card digits may lead to a breach of consumer privacy if revealed.  These issues directly affect what constitutes a reasonable interpretation of FACTA in light of expressed Congressional intent, the very subject of FedEx Office's Motion for Summary Judgment.  As set forth in

18.

Paragraph 16, Visa's system is merely an example of industry practice.  Fed. R.

Ev. 402 and 403.  Plaintiffs' objection citing *U.S. v. Scholl*, 166 F.3d 964 (9th Cir.

1999) is a red herring.  That case struck expert testimony in which the expert

testified as to whether a party met a specific legal standard.  *Id.* at 972-973.

| | |
|---|---|
| 17.  Most importantly, these first two digits cannot be used to identify or create a valid credit card number that could be used for fraudulent purposes.<br><br>20. The presence of the first two digits on the cardholder's receipt in addition to the last four digits does not increase the risk that a fraudster could guess the entire card number. It is widely known in the industry and certainly among potential fraudsters that the first two digits and the last four digits were not sufficient to commit credit card fraud. Printing the first two digits of the account number on the receipt would add no new information that would increase the fraudster's ability to guess the entire number.<br><br>22.  The presence of the first two digits on | The collective arguments FedEx makes (through Mr. Hendricks) in these is that the first two digits (together with the last four digits) cannot be used to guess the remaining digits. This misses the mark and is misleading and irrelevant and has no probative value under FRE Rules 402 and 403. The point is that every additional piece of information brings the would be identity thief one step closer to being able to commit identity theft or fraud.<br><br>As expressly explained by the Ninth Circuit: "In fashioning FACTA, ***Congress aimed to 'restrict the amount of information available to identity thieves.'*** 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby). Allowing consumers to recover statutory damages furthers this purpose by deterring businesses from willfully making consumer financial data available, even where no actual harm results." Bateman v. American Multi-Cinema, Inc., 623 F.3d 708, 718 (9th Cir. Sept. 27, 2010) (emphasis added).<br><br>Mr. Hendricks' related assertions (including those concerning Visa (but not any other "brand"), the knowledge, state of mind and acts of unspecified "potential fraudsters," |

19.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

| | |
|---|---|
| the cardholder's receipt does not increase the risk of counterfeit fraud. Payment systems have evolved layers of security to control this risk of counterfeit fraud.<br><br>23.  In the Visa system, a payment card transaction involves an authorization message sent from the merchant where the card is being used to the financial institution that provides processing services for the merchant. The message is routed through the Visa communications and computer systems to the bank that issued the card to the customer. The issuing bank authenticates the card information submitted in the message and authorizes the transaction after ascertaining that the cardholder has sufficient funds or credit. A crucial part of this authentication process is the credit card authentication | merchants and banks, and assertions regarding standards of other organizations) are also made further inadmissible for all of the reasons set forth above in objection to ¶¶ 11-14 of the Hendricks Declaration, which are incorporated by reference herein, including because they are not the proper subject of expert testimony, violate the Best Evidence Rule, lack personal knowledge, and are irrelevant and have no probative value under FRE Rules 402 and 403. | |

20.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

code embedded on its magnetic stripe. This code is called the card verification value (CVV1) and it is not visible on the card itself. The CVV 1 is electronically checked during the authorization process for card-present sales to ensure that a valid card is present.

When a credit card is swiped at a point-of-sale terminal, the account number, expiration date, and this code are sent through the Visa network to the issuing bank. The account number functions as routing information, instructing the Visa system to send the information to the appropriate bank and instructing the bank to examine the appropriate account. The CVVI acts as an access code. It says to the bank that access to this account is authorized. If this code is missing or is not the right code, the issuing bank is alerted that this is a problematic

21.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

transaction and can decline it. For security purposes, merchants are prohibited from storing this number.

24. There are other ways for a merchant to ask a bank to authorize a transaction. Internet merchants or merchants who provide goods and services via mail order or telephone order do not send the CVVI code through the Visa system for authorization. An extra layer of security is provided for these "card not present" merchants or transactions through the use of the CVV2 code. This is a unique three-digit code printed on the signature strip on the back of all Visa cards. It is different from the CVVI code embedded in the magnetic stripe of the card. This code helps merchants confirm that cardholders are in possession of the actual card. Online merchants or telephone merchants conducting

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

transactions when the card is not present can verify that their customers have the actual card by requesting the customer to provide the CVV2 number.

25.  Some merchants still use manual imprint machines to process transactions. But almost all face-to-face (brick-andmortar) merchants use electronic pointof-sale terminals. For transactions at these terminals to be processed, the CVVI code is needed, because only that code indicates to the issuing bank that a valid card has been presented.

26.  Without the CVVI code, it is not possible to make an effective counterfeit  credit card that works for face-to-face card-present transactions. If this code is obtained along with account number and expiration date, an effective counterfeit card can be made, but without this code, effective counterfeit cards cannot be

23.

Sedgwick

| | | |
|---|---|---|
| created. It is for this reason that the industry data security standard, the Payment Card Industry Data Security Standard, prohibits the storage of these codes.<br><br>27. The presence of the first two digits on the cardholder's receipt does not increase the risk that a counterfeit card could be made. This risk relates to the presence of the entire card number and the embedded CVVI security code. The presence of the first two and last four digits on the cardholder's receipt provides no information about the value of this additional required code nor the card number as a whole. Put simply, the first two digits and final four digits cannot be used to identify or create a valid credit card number that could be used for fraudulent purposes.<br><br>Hendricks Decl. ¶¶17, 20, 22-27. | | |

**DEFENDANT'S REPLY:**

24.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

Sedgwick LLP

FedEx Office incorporates by reference its reply to plaintiffs' objections with regard to Paragraphs 11-14 and 16-27.  Mr. Hendricks does not, contrary to plaintiffs' assertions, testify to the motivations or state of mind of anyone in Paragraph 15.  Experts are permitted to base their opinions on hearsay, and they need not have personal knowledge of facts underlying their opinions.  Fed. Rule Ev. 703; *Aguilar-Ramos v. Holder*, 594 F.3d 701, 706 n. 7 (9th Cir. 2010); *Abarca v, Franklin Co. Water Dist.*, 761 F.Supp.2d 1007, 1031 n. 31 ("Experts commonly rely on material prepared by others to develop their findings and ultimate conclusions).  An expert may properly provide analysis of a statute's legislative history.  *Miller v. Peavey Co.,* 1988 WL 47730, at *2, n. 4 (9th Cir. April 29, 1988) (affirming District Court's holding based, in part, on expert witness's analysis of legislative history of a state statute).  Plaintiffs' ongoing and expansive legal arguments in are improper in light of the Local Rules of this Court and Judge John A. Kronstadt's Initial Standing Order and are an attempt by plaintiffs to exceed the 25 page limit on memoranda of points and authorities.

| | | |
|---|---|---|
| 19.  In the late 1990s, state legislatures became concerned about the risk to cardholders from the industry practice of printing the entire cardholder number on the cardholder receipt.  "Dumpster divers" could recover a cardholder receipt and could potentially use the cardholder number printed on the receipt to commit fraud.  Security professionals regularly warned the | "Expert witnesses are not permitted to testify as to the 'knowledge, motivations, intent, state of mind, or purposes' of others. *See In re Fosamax Products Liability Litigation*, 645 F.Supp.2d 164, 192 (S.D.N.Y.2009); *In re Rezulin Products Liability Litigation*, 309 F.Supp.2d 531, 546 (S.D.N.Y.2004) ('[T]he opinions of these witnesses on the intent, motives, or states of mind of corporations, regulatory agencies and others have no basis in any relevant body of knowledge or expertise.'); *Taylor v. Evans*, 1997 WL 154010, at *2 (S.D.N.Y.1997) ('[M]usings as to defendants' motivations would not be | |

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

| | | |
|---|---|---|
| public to shred their card receipts to reduce this risk.<br><br>21. Cardholders are especially worried about the risks of counterfeit fraud, where someone makes a card using the cardholder's account number and makes a large number of transactions in retail stores that are then attributed to the cardholder who did not make these transactions.<br><br>Payment system fraud detection technology can catch these unauthorized transactions quickly, and federal law and industry practice limit the liability of cardholders for these unauthorized transactions. Nevertheless, they remain a special concern to cardholders.<br><br>Hendricks Decl. ¶¶ 19 and 21. | admissible if given by any witness-lay or expert.'). Willig's expertise as an economist does not give him any specialized knowledge to discern the thought processes of [others]. Id. ('regulatory expertise does not give her the ability to read minds.')" *Fleischman v. Albany Medical Center*, 728 F.Supp.2d 130, 168 (N.D. N.Y. 2010).<br><br>Furthermore, even if the court were to consider the intent of the legislature, it would not turn to a purported expert. "This circuit relies on official committee reports when considering legislative history, not stray comments by individuals or other materials unrelated to the statutory language or the committee reports." *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1082 (9th Cir. 1999).<br><br>Additionally, and in any event, Mr. Hendricks' assertions lack personal knowledge, are irrelevant and have no probative value under FRE Rules 402 and 403.<br><br>Also, Mr. Hendricks' assertions about federal law and industry practices, are not only unspecified, they are also made further inadmissible for all of the reasons set forth above in objection to ¶¶ 11-14 of the Hendricks Declaration, which are incorporated by reference herein, including because they are not the proper subject of expert testimony, and violate the Best Evidence Rule. | |

26.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

**DEFENDANT'S REPLY:**

Plaintiffs' objections are not "succinctly stated" or "concise" as required by Judge John A. Kronstadt's Standing Order 10.c.iii. A court may properly consider an expert's analysis of a statute's legislative history. *Miller v. Peavey Co.,* 1988 WL 47730, at *2, n. 4 (9th Cir. April 29, 1988) (affirming District Court's holding based, in part, on expert witness's analysis of legislative history of a state statute). Mr. Hendricks opines as to the factual background of the area of his expertise, and he offers his testimony as an expert in his field. Mr. Hendricks's qualifications for his testimony are laid out in paragraphs 2 through 10 and exhibit 1 to his declaration. Mr. Hendricks has been certified as an expert in federal court actions involving the same subjects at issue in this matter. (Hendricks Decl. ¶ 7.) Fed. R. Ev. 702 and 703. FedEx Office incorporates by reference its reply to Plaintiffs' objections with regard to Paragraphs 11-14.

| | | |
|---|---|---|
| 18. The FACT Act does not prohibit this industry practice of printing the brand name or the first two digits of the BIN on the cardholder receipt. Nothing in the testimony, the legislative history or, to my knowledge any other aspect of the Congressional discussion of the purpose of the legislation, suggests that Congress was concerned about the presence of brand names or the first two digits of the BIN on | FRE Rule 702 does not permit an expert to testify on the law or make legal conclusions (regardless of the subject matter, whether a law, regulation, contract term, agreement or otherwise). "Experts 'interpret and analyze factual evidence. They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient....'" *U.S. v. Brodie*, 858 F.2d 492, 496-497 (9th Cir. 1988). "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge.[citation]. Expert testimony here would have been not only superfluous but mischievous." *U.S. v. Brodie*, 858 F.2d 492, 496-497 (9th Cir. 1988). See also *Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir. | |

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

the cardholder receipt.

28. In enacting the FACT Act, as demonstrated by the legislative history and plain language of the statute itself, Congress was concerned about preventing criminals' easy access to key information that could be used to commit identity theft or fraud. Accordingly, it prohibited the inclusion on receipts of six or more of the last digits of a credit card, as those constituted the "key information" that could be used for identity theft or fraud. Because of input from the credit card industry, and because of the absence of objection from consumer advocates and privacy experts, Congress knew that some credit card digits posed no threat and could continue to appear on receipts.

29. Printing the first two digits and final four digits does not contravene the spirit of the FACT Act's

1992) which held that district court, under FRE Rule 702, properly excluded declaration in connection with summary judgment proceeding because employment application interpretation and effect thereof involved "matters of law for the court's determination. As such, they were inappropriate subjects for expert testimony" [also noting that expert testimony consisting of legal conclusions or meanings of terms, including contract terms, are not admissible]. See also *US v. Scholl*, 166 F.3d 964, 972-973 (9th Cir. 1999) following Brodie and Aguilar and holding that expert testimony that "law was confusing" and that "record-keeping method met IRS standards," were not only improper legal testimony from an expert, but also improper legal conclusions that cannot be admitted; *McHugh v. United Service Automobile Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) [holding that expert testimony in connection with summary judgment was inadmissible, because expert "testimony cannot be used to provide legal meaning or interpret the [insurance] policies as written"]; *Heighley v. JC Penney Life Ins. Co.*, 257 F.Supp.2d 1241, 1260 fn. 23 (C.D. Cal. 2003) [following *Aguilar* and striking attorney declarations in connection with summary judgment that concerned interpretation of law and "legal conclusions on matters of law and ultimate issues"]; *Nellis v. GR Herberger Revocable Trust*, 360

28.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

Sedgwick LLP

mandates regarding truncation of credit card numbers. Because Defendant's printing of the first two and last four digits cannot be used to identify or create a valid credit card number that could be used for fraudulent purposes, its actions at issue in this case complied with the FCRA and were consistent with the goals and language of the FACT Act Amendments.

Hendricks Decl. ¶¶ 18 and 28-29.

F.Supp.2d 1033, 1043 (D. Ariz. 2005) [following Aguilar and excluding opinion affidavit on interpretation and meaning of Arizona law because it is not a proper subject of expert testimony].

Applying the above principles that an expert may not testify about the law, in Brodie the Ninth Circuit held that the district court properly excluded testimony from an attorney as an expert witness on the law of trusts. *U.S. v. Brodie*, 858 F.2d 492, 496-497 (9th Cir. 1988).

Here, Mr. Hendricks, who is neither an attorney nor has any legal degree or education, is not even competent to proffer an opinion on the law, let alone have that be admissible. See Curriculum Vitae at p. 4, of unsworn Hendricks Declaration, under heading "Education" which lists only a Bachelor of Arts in an unspecified major. FRCP Rule 56(c)(4) requires that the "declarant is competent to testify on the matters stated." In fact, not only is his testimony incompetent and inadmissible, by providing legal opinions Mr. Hendricks, who is not an attorney, let alone an attorney admitted to practice in this state or before this Court, is engaging in the unauthorized practice of law. Cal. Bus. & Prof. Code §§ 6125 and 6126; Local Rule L.R. 83-2.1, *et seq.*.

Additionally, "Expert witnesses are not permitted to testify as to the

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1

'knowledge, motivations, intent, state of mind, or purposes' of others. *See In re Fosamax Products Liability Litigation*, 645 F.Supp.2d 164, 192 (S.D.N.Y.2009); In re Rezulin Products Liability Litigation, 309 F.Supp.2d 531, 546 (S.D.N.Y.2004) ('[T]he opinions of these witnesses on the intent, motives, or states of mind of corporations, regulatory agencies and others have no basis in any relevant body of knowledge or expertise.'); *Taylor v. Evans*, 1997 WL 154010, at *2 (S.D.N.Y.1997) ('[M]usings as to defendants' motivations would not be admissible if given by any witness-lay or expert.'). Willig's expertise as an economist does not give him any specialized knowledge to discern the thought processes of [others]. Id. ('regulatory expertise does not give her the ability to read minds.')" *Fleischman v. Albany Medical Center*, 728 F.Supp.2d 130, 168 (N.D. N.Y. 2010).

Furthermore, even if the court were to consider the intent of the legislature, it would not turn to a purported expert. "This circuit relies on official committee reports when considering legislative history, not stray comments by individuals or other materials unrelated to the statutory language or the committee reports." *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1082 (9th Cir. 1999).

Additionally, and in any event, Mr.

30.

Sedgwick

| | | |
|---|---|---|
| | Hendricks' assertions lack personal knowledge, are irrelevant and have no probative value under FRE Rules 402 and 403, particularly in light of the fact that FACTA indisputably and expressly prohibits the printing of "more than the last 5 digits." | |
| | Finally, FACTA, 15 U.S.C. § 1681c(g)(1), expressly governs both "credit cards" and "debit cards." *Yet, there is not a single instance anywhere in Mr. Hendricks' Declaration that mentions anything about a debit card.* The purchases made by Mr. Tchoboian from FedEx, and that are at issue in this case, concern a *debit card*. Exhibit 15: Tchoboian Depo. at p. 91:4-11; Yedalian Decl. ¶ 17. Accordingly, Mr. Hendricks' assertions are additionally objected to and inadmissible on this basis because they are irrelevant and have no probative value under FRE Rules 402 and 403. | |

**DEFENDANT'S REPLY:**

Plaintiffs' objections are not "succinctly stated" or "concise" as required by Judge John A. Kronstadt's Standing Order 10.c.iii. A court may properly consider an expert's analysis of a statute's legislative history. *Miller v. Peavey Co.,* 1988 WL 47730, at *2, n. 4 (9th Cir. April 29, 1988) (affirming District Court's holding based, in part, on expert witness's analysis of legislative history of a state statute). Mr. Hendricks opines as to the factual background of the area of his expertise, and he offers his testimony as an expert in his field. Mr. Hendricks's qualifications for his testimony are laid out in paragraphs 2 through 10 and exhibit 1 to his declaration. Fed. R. Ev. 702 and 703. Mr. Hendricks has been certified as an

31.

expert in federal court actions involving the same subjects at issue in this matter. (Hendricks Decl. ¶ 7.)   Mr. Hendricks's testimony is relevant in that it shows the relation of specific credit or debit card digits to the card number as a whole and demonstrates which card digits may lead to a breach of consumer privacy if revealed. These issues directly affect what constitutes a reasonable interpretation of FACTA in light of expressed Congressional intent, the very subject of FedEx Office's Motion for Summary Judgment. Fed. R. Ev. 402 and 403.   Plaintiffs attempt to supplement their objections with additional "facts" that should properly be set forth in plaintiffs' own separate statement.  (Plaintiffs Objections, 19:17-24; Judge John A. Kronstadt's Standing Order 10.c.I.)  Plaintiffs did not submit a separate statement, and FedEx Office requests these "facts" be stricken.  FedEx Office's evidentiary objections to Mr. Yedalian's declaration are set forth in FedEx Office's Objections to Declaration of Chant Yedalian in Opposition to Motion for Summary Judgment, filed concurrently herewith.  Mr. Tchoboian testified repeatedly at his deposition that he used a credit card in his transactions at issue in this case.  (Declaration of Stephanie Sheridan in Support of Reply to Plaintiffs' Opposition to Defendant FedEx Office and Print Services, Inc.'s Motion for Summary Judgment, ¶ 5, Exh. 3 at 58:10-15, 86:21-87:5.)

DATED:  October 24, 2011  Sedgwick LLP


                              By:  _____*Stephanie Sheridan*_____
                                   Stephanie Sheridan
                                   Victoria Paal
                                   Attorneys for Defendant
                                   FEDEX OFFICE AND PRINT SERVICES, INC.

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF EVAN HENDRICKS

SF/2562568v1