STEPHANIE SHERIDAN  (State Bar No.135910)
stephanie.sheridan@sedgwicklaw.com
VICTORIA PAAL          (State Bar No. 260396)
victoria.paal@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA  94104
Telephone:  415.781.7900
Facsimile:   415.781.2635

Attorneys for Defendant
FEDEX OFFICE AND PRINT SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZMIG TCHOBOIAN and ANGELA POTIKYAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX OFFICE AND PRINT SERVICES, INC. (f/k/a FEDEX KINKOS OFFICE AND PRINT SERVICES, INC.); DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.:  SACV10-01008-JAK-(MLGx) <br><br> **SECOND AMENDED DECLARATION OF EVAN HENDRICKS IN SUPPORT OF FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT** <br><br> Judge:   Hon. John A. Kronstadt <br> Date:    November 7, 2011 <br> Time:    1:30 p.m. <br> Ctrm.:   750 – 7th Floor |

I, Evan Hendricks, hereby declare and state:

1.     I am familiar with and have personal knowledge of the matters set forth in this declaration and if called upon to do so, could and would testify competently thereto, except where my knowledge is based upon information and belief, and as to those matters, I understand and believe them to be true.

## QUALIFICATIONS & BACKGROUND

2.     I make this declaration as an expert in the field of sensitive personal information, including credit card numbers, as it relates to data breaches, data security, identity theft and principles of Fair Information Practices.

3.     Since 1977, information-privacy issues, and the Federal and State laws and policies governing them, have been an integral part of my professional life as an editor and publisher of a specialized newsletter, and for the past decade as an expert witness appearing before courts and Congress, and as an expert consultant to governmental, corporate and non-profit organizations.  I was one of the first experts to publish about identity theft when it first surfaced in the 1990s. I was also one of the first experts to publish about data breaches following enactment of the first State law pertaining to them in California, as well as state laws mandating truncation of credit card numbers.

4.     My expertise in sensitive personal information, data breaches, data security, and identity theft stems from several of my professional activities, including:  (1) Editor/Publisher of a specialty news reporting service that covers credit reporting; (2) author of the book *Credit Scores and Credit Reports: How The System Really Works, What You Can Do* (3rd Ed., Privacy Times 2007), and co-author of a book on information-privacy; (3) an expert witness qualified by the federal courts in litigation involving personal data; (4) an expert who has testified before Congress on numerous occasions, and who has testified twice before the California legislature in regard to legislation on the use of financial data; (5) an expert consultant to government agencies and private corporations; and (6) a

1  member of the Consumer Advisory Council of Experian, one of the three national

2  Credit Reporting Agencies (CRAs).

3      5.   Since 1981, I have been Editor/Publisher of *Privacy Times*,

4  a biweekly, Washington-based newsletter that reports on privacy and information

5  law, including the Fair Credit Reporting Act.  The newsletter ranges from

6  8-12 pages, 23 issues per year.  This means that in this newsletter (and its three-

7  year predecessor), I have researched, written, edited and published an estimated

8  2,000 pages relating to information law, policy and organizational practice,

9  including Congressional and State legislative actions, judicial opinions, technology

10  developments, industry trends and actions, executive branch policies and consumer

11  news.  These endeavors have allowed me to accumulate a specialized body of

12  knowledge in relation to the collection, use and disclosure of credit report data and

13  personal financial information, and the standards governing them.  *Privacy Times*

14  is a subscription-only newsletter.  The readers are generally the attorneys and

15  specialists within government agencies, corporations, law firms, universities and

16  public interest groups that are responsible for issues relating to freedom of

17  information and privacy laws, including the FCRA and similar State statutes.

18      6.   I am author of the book, *Credit Scores and Credit Reports:  How The*

19  *System Really Works, What You Can Do, 3rd Ed.* (Privacy Times 2007).  The book

20  has 23 chapters, 399 pages and 415 footnotes.  As the title indicates, it describes

21  how the credit scoring and credit reporting systems work and what consumers can

22  do to obtain their reports, read and understand them, correct errors in them and

23  enforce their rights.  I also am co-author of *Your Right To Privacy:  A Basic Guide*

24  *To Legal Rights In An Information Society* (2nd Ed., Southern Illinois University

25  Press, 1990), which has a chapter on credit reporting.  I was also a contributor to

26  *Fair Credit Reporting, 6th Ed.* (National Consumer Law Center, 2006), the leading

27  manual for FCRA practitioners.

28  ///

Sedgwick.

SF/2307133v1

-3-

7.    Since the early 1990s, I have served as an expert witness in numerous cases involving alleged misuse and/or mismanagement of personal data and have been qualified by the federal courts.[1]  As an expert witness, I have had the opportunity to read thousands of pages of often confidential deposition testimony in which officials describe their organizations' practices and procedures for handling sensitive personal information.  This is significant because many of these organizations do not openly discuss or publish information on their procedures and practices for handling personal data.  In fact, some typically consider such procedures and practices to be proprietary and/or confidential.

8.    I have testified before Congress on numerous occasions, including several hearings focused on breaches of consumers' sensitive personal data.  I was intimately involved in the work, discussions and negotiations leading up to the 2003 FACT Act Amendments, including the provisions mandating truncation of credit card numbers.  This included communicating and working with officials from the credit card industry.  A true and correct copy of my *Curriculum Vitae* is attached hereto as **Exhibit 1.**

9.    From 2002 – 2004, I served on the Consumer Advisory Council of Experian (formerly TRW), a national CRA and vendor of other information services.  The Council met twice a year to advise the company on a host of credit reporting, marketing and other privacy-related topics.  Since August 1998, I have served under contract as a member of the Social Security Administration's Panel Of Privacy Experts advising the agency on a host of issues.  In 2002, the U.S. Postal Service retained me under contract to review its re-writing of its Privacy Act notices to ensure they were understandable to the public and consistent with the

---

[1] See, for example, *Adelaide Andrews v. TRW, Inc.*, 225 F.3d 1063 (9th Cir. 1990).  Although the trial judge qualified me, the Ninth Circuit, in reversing part of her opinion in favor of defendant, ruled that she overly limited the scope of my testimony as to the prevalence of identity theft and its impact on credit report accuracy and integrity.  "In making that determination the jury would be helped by expert opinion on the prevalence of identity theft, as the district court would have been helped if it had given consideration to the Plaintiff's witnesses on this point before giving summary judgment," the Ninth Circuit panel wrote.

SF/2307133v1

DECLARATION OF EVAN HENDRICKS IN SUPPORT OF FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

1    Privacy Act's goals of ensuring FIPs.  In 1990, Equifax, another national CRA,

2    published "The Equifax Report on Consumers In the Information Age,"

3    a nationwide opinion survey and analysis by Louis Harris and Associates and

4    Prof. Alan F. Westin.  The report listed me as a privacy expert to whom the authors

5    expressed appreciation for my advice on survey coverage.

6         10.    Since 2005, I have served at times as a consultant to ID Watchdog,

7    a company offering identity theft, monitoring, protection and resolution services.

8    ### THE SIGNIFICANCE OF CREDIT CARD DIGITS

9         11.    The number that appears on the face of a payment card issued by a

10   U.S. financial institution is governed by an international standard that allows

11   financial institutions, merchants, cardholders and payment networks throughout the

12   world to interoperate and exchange information in a seamless fashion.

13   The standard was developed by the International Organization for Standardization

14   (ISO) and the International Electrotechnical Commission (IEC).  The current

15   version, called ISO ISO/IEC 7812-1:2006, was published in 2006.

16        12.    A payment card number used by a financial institution in the U.S.

17   typically consists of 16 digits.  The first digit is reserved in the international

18   standard to identify the major industry of the issuer, but in practice this first digit

19   has come to identify the brand of the card.  American Express cards begin with 3;

20   Visa cards begin with 4; MasterCard cards begin with 5 and Discover cards begin

21   with 6.  The correlation between card brands and the first digit is widely known to

22   the public, and in particularly to potential fraudsters.  The first six digits, including

23   the first number, are the Bank Identification Number (BIN).  This BIN identifies

24   the financial institution that issued the card.  These numbers are not published by

25   the payment networks or the financial institutions.  Many of these BINS, however,

26   are known to stakeholders in the industry including retailers and processors and are

27   available from time to time on Websites.  For instance, the online encyclopedia

28

Sedgwick

Wikipedia lists various BIN numbers, and I can attest to the accuracy of many of those listed.

13.   The numbers 7 through 15 are reserved for an account number specific to the individual who receives the card.  The final number is a function of the previous numbers and serves as a check that the number is a valid card number.

14.   The check system works as follows:  in a 16 digit account number, double every odd numbered digit (the first, third, fifth, etc.); if the result exceeds 9, subtract nine from this result (this guarantees that each result is 9 or less); then add up all these digits, the doubled digits as well as the others.  If this sum is divisible by 10, then the card number is valid.

For instance, let's examine the following number to see if it is a valid card number:

4388 1234 5678 9876

First, double all the odd numbered digits.  This produces:

8 3 16 8 2 2 6 4 10 6 14 8 18 8 14 6

Then go through this number and subtract 9 from every number greater than 9:

8378 2264 1658 9856

This number sums to 88 which is not divisible by 10.  So the number is not a valid payment card number.  After the fact, this formula serves to check the validity of a number.  From the issuer point of view, however, the final digit is something to choose to make sure the number is valid.

15.   Industry officials explained these basic facts about the payment card numbering system, as set forth in paragraphs 11 to 13 above, to key Congressional staff in the course of legislative consideration of the FACT Act in 2003. The brand of the card is associated with the first digit of the 16 digit account number.  Like the first digit, the second digit is part of the Bank Identification Number (BIN).  Thus, printing the first two digits on the cardholder's receipt does

Sedgwick

not add any new information for someone who picks up the receipt and is looking to use the information on the card to commit payment card fraud. There are approximately 650 Visa BINs. The first two digits range from 40 to 49. There are approximately 605 MasterCard BINs. The first two digits range from 50 to 58, 60, and 62 to 63. This quantity of digits allows for a vast number of variations among the six digit BINs.

16.   Industry practices and rules ensure that the card brand name is printed on the cardholder's receipt. For instance, the summary of Visa's rules for merchants clearly states: "The payment brand used to complete the transaction must be identified on the cardholder's copy of the transaction receipt." The reason for this is to remind the cardholder which brand of card he used for a particular transaction.

17.   Most importantly, these first two digits cannot be used to identify or create a valid credit card number that could be used for fraudulent purposes.

18.   The FACT Act does not prohibit this industry practice of printing the brand name or the first two digits of the BIN on the cardholder receipt. Nothing in the testimony, the legislative history or, to my knowledge any other aspect of the Congressional discussion of the purpose of the legislation, suggests that Congress was concerned about the presence of brand names or the first two digits of the BIN on the cardholder receipt.

## IDENTITY THEFT RISK

19.   In the late 1990s, state legislatures became concerned about the risk to cardholders from the industry practice of printing the entire cardholder number on the cardholder receipt. "Dumpster divers" could recover a cardholder receipt and could potentially use the cardholder number printed on the receipt to commit fraud. Security professionals regularly warned the public to shred their card receipts to reduce this risk.

///

DECLARATION OF EVAN HENDRICKS IN SUPPORT OF FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

20.     The presence of the first two digits on the cardholder's receipt in addition to the last four digits does not increase the risk that a fraudster could guess the entire card number.  It is widely known in the industry and certainly among potential fraudsters that the first two digits and the last four digits were not sufficient to commit credit card fraud.  Printing the first two digits of the account number on the receipt would add no new information that would increase the fraudster's ability to guess the entire number.

21.     Cardholders are especially worried about the risks of counterfeit fraud, where someone makes a card using the cardholder's account number and makes a large number of transactions in retail stores that are then attributed to the cardholder who did not make these transactions.  Payment system fraud detection technology can catch these unauthorized transactions quickly, and federal law and industry practice limit the liability of cardholders for these unauthorized transactions.  Nevertheless, they remain a special concern to cardholders.

22.     The presence of the first two digits on the cardholder's receipt does not increase the risk of counterfeit fraud.  Payment systems have evolved layers of security to control this risk of counterfeit fraud.

23.     In the Visa system, a payment card transaction involves an authorization message sent from the merchant where the card is being used to the financial institution that provides processing services for the merchant.  The message is routed through the Visa communications and computer systems to the bank that issued the card to the customer.  The issuing bank authenticates the card information submitted in the message and authorizes the transaction after ascertaining that the cardholder has sufficient funds or credit.  A crucial part of this authentication process is the credit card authentication code embedded on its magnetic stripe.  This code is called the card verification value (CVV1) and it is not visible on the card itself.  The CVV1 is electronically checked during the authorization process for card-present sales to ensure that a valid card is present.

-8-

Sedgwick

When a credit card is swiped at a point-of-sale terminal, the account number, expiration date, and this code are sent through the Visa network to the issuing bank. The account number functions as routing information, instructing the Visa system to send the information to the appropriate bank and instructing the bank to examine the appropriate account. The CVV1 acts as an access code. It says to the bank that access to this account is authorized. If this code is missing or is not the right code, the issuing bank is alerted that this is a problematic transaction and can decline it. For security purposes, merchants are prohibited from storing this number.

24.    There are other ways for a merchant to ask a bank to authorize a transaction. Internet merchants or merchants who provide goods and services via mail order or telephone order do not send the CVV1 code through the Visa system for authorization. An extra layer of security is provided for these "card not present" merchants or transactions through the use of the CVV2 code. This is a unique three-digit code printed on the signature strip on the back of all Visa cards. It is different from the CVV1 code embedded in the magnetic stripe of the card. This code helps merchants confirm that cardholders are in possession of the actual card. Online merchants or telephone merchants conducting transactions when the card is not present can verify that their customers have the actual card by requesting the customer to provide the CVV2 number.

25.    Some merchants still use manual imprint machines to process transactions. But almost all face-to-face (brick-and-mortar) merchants use electronic point-of-sale terminals. For transactions at these terminals to be processed, the CVV1 code is needed, because only that code indicates to the issuing bank that a valid card has been presented.

26.    Without the CVV1 code, it is not possible to make an effective counterfeit credit card that works for face-to-face card-present transactions. If this code is obtained along with account number and expiration date, an effective

DECLARATION OF EVAN HENDRICKS IN SUPPORT OF FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

counterfeit card can be made, but without this code, effective counterfeit cards cannot be created.  It is for this reason that the industry data security standard, the Payment Card Industry Data Security Standard, prohibits the storage of these codes.

### CONCLUSION

27.    The presence of the first two digits on the cardholder's receipt does not increase the risk that a counterfeit card could be made.  This risk relates to the presence of the entire card number and the embedded CVV1 security code. The presence of the first two and last four digits on the cardholder's receipt provides no information about the value of this additional required code nor the card number as a whole.  Put simply, the first two digits and final four digits cannot be used to identify or create a valid credit card number that could be used for fraudulent purposes.

28.    In enacting the FACT Act, as demonstrated by the legislative history and plain language of the statute itself, Congress was concerned about preventing criminals' easy access to key information that could be used to commit identity theft or fraud.  Accordingly, it prohibited the inclusion on receipts of *six or more of the last digits* of a credit card, as those constituted the "key information" that could be used for identity theft or fraud.  Because of input from the credit card

///
///
///
///
///
///
///
///
///

DECLARATION OF EVAN HENDRICKS IN SUPPORT OF FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

industry, and because of the absence of objection from consumer advocates and privacy experts, Congress knew that some credit card digits posed no threat and could continue to appear on receipts.

29.     Printing the first two digits and final four digits does not contravene the spirit of the FACT Act's mandates regarding truncation of credit card numbers. Because Defendant's printing of the first two and last four digits cannot be used to identify or create a valid credit card number that could be used for fraudulent purposes, its actions at issue in this case complied with the FCRA and were consistent with the goals and language of the FACT Act Amendments.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 31st day of October 2011, at Bethesda, Maryland.

Evan D. Hendricks
P.O. Box 302
Cabin John, MD  20818
(301) 229-7002

-11-

DECLARATION OF EVAN HENDRICKS IN SUPPORT OF FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

**EXHIBIT 1**

# *Evan D. Hendricks*

### *CURRICULUM VITAE*

## Professional Activities

**1981- Present      Editor/Publisher** of *Privacy Times*

Since 1981, I have been Editor/Publisher of *Privacy Times*, a biweekly, Washington-based newsletter that reports on privacy and information law, including the Fair Credit Reporting Act (FCRA). The newsletter ranges from 8-12 pages, 23 issues per year. Thus, I have researched, written, edited and published many articles on Congressional and State legislative actions, judicial opinions, industry trends and actions, executive branch policies and consumer news as they related to the FCRA.

**1992 – Present      Expert Witness**

Qualified by the federal courts in FCRA and identity theft cases. (Complete list attached). I have read extensive deposition testimony by credit bureau and credit grantor personnel. This is significant because CRAs and credit grantors do not openly discuss or publish information on their procedures and practices for handling personal data, and the best (and possibly only) sources for finding candid descriptions of CRAs' and credit grantors' procedures and practices in relation to credit reporting data are the depositions of CRA and credit grantor employees in FCRA litigation.

**1998 – 2008      Privacy Expert Consultant, U.S. Social Security Administration**

Regularly review policies and practices in relation to the collection, use and disclosure of personal data and Social Security numbers and provide feedback and recommendations.

**2002 – 2004    Member, Experian Consumer Advisory Council**

Along with other Council members, I provide an outsider's view on credit reporting, marketing and other privacy issues.

**July – October 2002      Consultant to U.S. Postal Service**

Working with the USPS's Chief Privacy Officer, I assisted in reviewing and editing the re-write of the USPS's Privacy Act notices, with an emphasis on "Plain English."

---

**Evan Hendricks      P.O. Box 302      Cabin John, MD 20818**
**(301) 229 7002  (301) 229 8011 [fax]  evan@privacytimes.com**

---

1

**Recent Testimony Before Congress & The FTC**

"Keeping Score on Credit Scores: An Overview of Credit Scores, Credit Reports and their Impact on Consumers," House Financial Services Committee, Subcommittee on Financial Institutions and Consumer Credit Hearing, March 24, 2010.[1]

"What Borrowers Need to Know About Credit Scoring Models and Credit Scores," House Financial Services Subcommittee on Oversight, July 29, 2008.[2]

"Credit Reports: Consumers' Ability to Dispute and Change Information," House Financial Services Committee, June 19, 2007.[3]

"Privacy in the Commercial World II," House Energy & Commerce Subcommittee On Commerce, Trade, and Consumer Protection, June 20, 2006[4]

"Financial Data Protection Act of 2005," House Financial Services Subcommittee on Financial Institutions and Consumer Credit, November 9, 2005[5]

"Credit Card Data Processing: How Secure Is It?" House Financial Services Subcommittee on Oversight and Investigations, July 21, 2005[6]

"Identity Theft: Recent Developments Involving the Security of Sensitive Consumer Information,"[7] Senate Banking Committee, March 15, 2005

"The Accuracy of Credit Report Information and the Fair Credit Reporting Act;" Senate Banking Committee, July 10, 2003[8]

"The Role of FCRA in the Credit Granting Process," House Financial Services Subcommittee on Financial Institutions & Consumer Credit, June 12, 2003[9]

"Database Security: Finding Out When Your Information Has Been Compromised," Senate Judiciary Subcommittee on Technology, Terrorism and Government Information, Nov. 4, 2003[10]

"Fighting Fraud: Improving Information Security," House Financial Services Subcommittee on Financial Institutions & Consumer Credit, and Oversight, April 3, 2003[11]

---

[1] http://www.house.gov/apps/list/hearing/financialsvcs_dem/fihm_03242010.shtml
[2] http://www.house.gov/apps/list/hearing/financialsvcs_dem/hr072908.shtml
[3] www.house.gov/apps/list/hearing/financialsvcs_dem/ht061907.shtml
[4] http://archives.energycommerce.house.gov/reparchives/108/Hearings/06202006hearing1938/hearing.htm
[5] http://financialservices.house.gov/archive/hearings.asp@formmode=detail&hearing=425.html
[6] http://financialservices.house.gov/archive/hearings.asp@formmode=detail&hearing=407.html
[7] http://banking.senate.gov/public/index.cfm?FuseAction=Hearings.Hearing&Hearing_ID=7f294169-4375-4e9e-8e29-f418b82e7f4b
[8] http://banking.senate.gov/03_07hrg/071003/index.htm
[9] http://financialservices.house.gov/archive/hearings.asp@formmode=detail&hearing=229.html
[10] http://judiciary.senate.gov/hearings/testimony.cfm?id=983&wit_id=2790
[11] http://financialservices.house.gov/archive/hearings.asp@formmode=detail&hearing=202.html

"Information Flows: The Costs and Benefits to Consumers and Businesses of The Collection and Use of Consumer Information," Federal Trade Commission, National Workshop, June 18, 2003

**Books**

Credit Scores and Credit Reports: How The System Really Works, What You Can Do [3rd Edition] (Privacy Times, 2007)

Your Right To Privacy: A Basic Guide To Legal Rights In An Information Society (2nd Edition, Southern Illinois University Press, 1990), (Includes a chapter on credit reporting)

Former Secrets: Government Records Made Public Through The Freedom of Information Act (Campaign For Political Rights, 1982)

**International Lectures**

24th International Conference of Data Protection & Privacy Commissioners (Cardiff, Wales – Presentation published in conference proceedings, 2002)

The 23rd International Conference of Data Protection Commissioners (Paris, La Sorbonne – Presentation published in conference proceedings, 2001)

The 22nd Annual Conference on Data Protection (Venice, Italy -- 2000)

The 16th Annual Conference on Data Protection (The Hague, The Netherlands -- 1994).

In the 1980s, served as an expert consultant to both the Privacy Commissioner of Canada and Privacy Commissioner of Australia.

**Presentations/Instruction At Recent CLE & Professional Seminars**

"Second Law and Information Society Symposium: Enforcement, Compliance and Remedies in the Information Society," Presenter, "Credit Report Cases – Effective Remedies?" Center on Law and Information Policy (CLIP), Fordham Law School, New York, May 29-30, 2008.)[12]

"The 1st Annual Privacy Law Scholars Conference," Presenter, "Assessing Privacy Harm: How can victims of privacy violations prove that they have been harmed?  The George Washington University Law School, Washington, DC, June 12-13, 2008.[13]

"11th Annual Consumer Financial Services Litigation," Practicing Law Institute, March 20-21, 2006 (New York City)

"Bankruptcy Roundtable," and, "Fair Credit Reporting Act Roundtable," National Consumer

---

[12] http://law.fordham.edu/ihtml/eventitemPP.ihtml?id=37&idc=8943&template=clip
[13] http://privacyscholars.com

Law Center, October 27, 2005

"Advanced Consumer Litigation," Texas Bar CLE, Feb. 10-11, 2005

"Financial Privacy Litigation," (Impact of FACT Act), Practicing Law Institute, February 28- March 1, 2005 (New York City)

"The New FACT Act: Challenge & Oppty.," Privacy & American Business, Feb. 9-10, 2004

"Understanding the FACT Act And The Impact of Multi-Agency Rulewriting Process," Glasser LegalWorks, Sept. 28-29. 2004

"12[th] Annual National Conference," National Credit Reporting Association, Nov. 10-12, 2004

**Professional Societies**

Past President & Board Member, American Society of Access Professionals www.accesspro.org

**Industry Certification**

FCRA Certification, National Credit Reporting Association (www.ncrainc.org).

**Media**

In addition to being a paid consultant and special guest on CNN's IMPACT news in 1996, I am quoted regularly by major and small newspapers (including The Washington Post, New York Times, Wall Street Journal, Chicago Tribune, Los Angeles Times, Newsweek and Money Magazine), regarding issues of privacy generally and the privacy implications of consumer reporting specifically. I have appeared on National Public Radio, PBS NewsHour with Jim Lehrer, ABC Nightline and World News Tonight, NBC Nightly News, CBS Evening News, CNN News Watch, CNBC, MSNBC, Fox News, various local affiliates, and the Oprah Winfrey Show and Geraldo, regarding these issues as well.

**Education**

Bachelor of Arts, Columbia College, Columbia University, New York, N.Y. (1979)

## Testimony & Expert Reports

Within recent years, I have testified at trial, or been deposed as an expert, in the following cases:

Andrews v. Trans Union Corp. et al., Case No. 96-7369, (USDC-C.D. Calif.), concerning theft-of-identity and consumer report inaccuracies.  Expert report, deposition, trial testimony.  Judge Lourdes Baird presiding.  The U.S. Court of Appeals for the Ninth Circuit specifically found that my opinion on the prevalence of identity theft was relevant to the reasonableness of CRA procedures. (see 225 F.3d 1063 (2000)).

Angela P. Williams vs. Equifax Information Services, LLC, et al., Circuit Court for the Ninth Judicial Circuit, Orange County Florida.  Credit Reporting.  Expert disclosure and report.  Deposition. Trial Testimony.  Judge George A. Sprinkel IV presiding.

Eric Robert Drew  vs. Equifax Information Services, LLC, et al., U.S. District Court for the Northern District of California , Case No.  CV 07-00726-SI.  Expert report, Deposition, Trial Testimony.  Judge Susan Illston presiding.

Direct Data Solutions, Inc., v. Bailey & Associates Advertising, Inc.: Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida; Case No.: 07-9322 CA 09.  Judge Jerald Bagley presiding.

Brenda F. Campbell v. Experian: U.S. District Court for the Western District of Missouri (No. 07-2514).  FCRA.  Expert report, deposition. Trial Testimony.  Judge Nanette K. Laughrey presiding.

Harold & Beryllin Gamby v. Equifax Information Services, et al.: U.S. District Court for the Eastern District of Michigan [Southern Div.] (CV-06-11020-MO).  FCRA, identity theft.  Expert report. Deposition. Trial Testimony.  Judge Marianne O. Battani presiding.

Deborah Adams v. National Engineering Service Corp./Verifications Inc.,: U.S. District Court for the District of Connecticut.  3:07-cv-01035-JCH.  FCRA.  Expert report, deposition. Trial Testimony.  Judge Warren W. Eginton presiding.

Rebecca L. Valentine. v. Equifax Credit Information Services, et al.: U.S. District Court for the District of Oregon; No. CV 05-801-JO. FCRA, identity theft. Expert report. Deposition. Trial Testimony.  Judge Robert E. Jones presiding.

Nicole Robinson vs. Equifax Information Services, LLC, et al., U.S. District Court for the Eastern District of Virginia (Alexandria Div.), Case No. CIV 1:05 cv 1272.  Expert reports. Deposition. Trial Testimony   Judge Walter H. Rice presiding.

Suzanne Sloane vs. Equifax Information Services, LLC, et al., U.S. District Court for the Eastern District of Virginia (Alexandria Div.), Case No. CIV 1:05 cv 1272.  Expert reports. Deposition. Trial Testimony   Judge Leonie M. Brinkema presiding.

Matthew Kirkpatrick v. Equifax, LLC, U.S. District Court for District of Oregon, (Slip. Op. CV-02-1197-MO.   FCRA   Expert report. Trial Testimony. Judge Michael W. Mosman presiding.

Sandra Cortez vs. Trans Union, LLC., U.S. District Court for the Eastern District of Pennsylvania: No. 2:05 –cv—05684-JF.   FCRA.   Expert Report. Daubert Hearing. Trial Testimony. Senior Judge John P. Fullam qualified me to testify at trial.

Patricia Holmes vs. TeleCheck Intl., Inc., U.S. District Court for the Middle District of Tennessee (Nashville Div.).  FCRA. Expert report. Deposition. Trial Testimony.  Chief District Judge Todd J. Campbell presiding.

Tracy Terry v. Cheryl Shepard, Eve Shepard, Frank Ferro, and STAR Consulting, LLC, CAL08-03428 -- In the Circuit Court for Prince George's County, Maryland, Michele D. Hotten, Associate Judge presiding.  Breach of contract. Damage to credit. Trial testimony.  September 22, 2009.

Federal Trade Commission vs. Accusearch, Inc., et al., U.S. District Court for the District of Wyoming, Case No. 06CV0105-D.  FTC Section 5.  Expert Report.  U.S. Magistrate Judge William C. Beaman rejected Defendant's motion to exclude my testimony.

Eddie Silva, et al. v. Haynes Furniture Co., Inc.: U.S. District Court for the Eastern District of Virginia:  No. 4:04CV82.  FCRA.  Fairness hearing testimony. Judge Walter D. Kelley, Jr. presiding.

Joi Helmes v. Wachovia Bank N.A.:  U.S. Bankruptcy Court for the Eastern District of Virginia (Alexandria), Case No: 01-81277-RGM, Chapter 7. Post-bankruptcy credit reporting. Expert report. Deposition. Trial Testimony. Judge Robert G. Mayer presiding.

Alex Campos and Michael York v. ChoicePoint Services, Inc.: U.S. District Court for the District of Georgia (Atlanta), Civ. Action No. 1-03-CV-3577-WSD.  FCRA. Expert Declaration. Fairness hearing testimony. Judge William S. Duffey, Jr. presiding.

Denis W. Stasulis v. Suntrust:  U.S. Bankruptcy Court for the Eastern District of Virginia (Alexandria), Case No: 04-12542-RGM, Chapter 7. Post-bankruptcy credit reporting. Expert report. Deposition. Trial Testimony.  Judge Robert G. Mayer presiding.

Dwaine Perry, et al. v. FleetBoston Financial Corp.: U.S. District Court for the Eastern District of Pennsylvania: No. 04-507. FCRA. Expert Report. Fairness hearing testimony. Judge Berle M. Schiller presiding.

Tammy Cochran v. C&M Motors, LLC, dba I-10 Toyota, et al: U.S. District Court for the Central District of California, No. CV-03-3568FMC. FCRA. Expert Report. Trial Testimony Judge Florence-Marie Cooper presiding.

Myra Coleman v. Trans Union LLC, CA4: 98-CV-169B-B (USDC-Mississippi) FCRA. Expert report, deposition, trial testimony. Judge Neal B. Biggers presiding.

Arthur Spengler v. Sears Roebuck & Co., Case No. C-03-0557. (Circuit Court, Wicomico County, Maryland). Tort, Interference with Business Relationships. Trial Testimony. Judge D. Davis qualified me as expert on credit scoring, credit reporting and FCRA-related issues.

Judy C. Thomas v. Trans Union LLC, U.S. District Court for the District of Oregon; Case No. 00-1150-JE. FCRA. Expert report, deposition, trial testimony. Magistrate Judge John Jelderks presiding.

Scott E. Campbell v. G.E. Capital Auto Lease, Circuit Court For St. Mary's County, Maryland, Case No. 99-522. FCRA, invasion of privacy. Expert report, deposition. Judge Karen Abrams qualified me to testify, but the case settled one week before trial.

Franklin F. Grizzard, Jr. v. Trans Union, L.L.C., & Equifax Information Services L.L.C., et al.: U.S. District Court for the District of Virginia (Richmond Div.); Nos. 04-CV-625 & 04-CV-626, respectively. Expert report. Affidavit. Deposition. On the eve of trial, Judge Richard Williams rejected Defendant's motion to disqualify me. The case settled shortly thereafter.

Catherine Smith, et al. v. Progressive Corporation, et al.: U.S. District Court for the Middle District of Florida (Gainesville), Case No.1:00-CV-210-MMP. Expert Report, Declaration of Value, Fairness Hearing testimony. Judge Maurice M. Paul presiding.

Franklin E. Clark, et al. v. Experian, et al.: U.S. District Court for the District of South Carolina, Case Nos. 8:00-1217-22, 8:00-1218-22, 8:00-1219-22. Affidavit, Supplemental Affidavit (both affidavits were admitted into evidence without objection). Judge Cameron McGowan Currie presiding.

Jose Soto v. Capital One Auto Finance, et al.: U.S. District Court for the District of Western Washington (2:08-cv-01838-RSM). Expert report, deposition.

Terri N. White, Jose Hernandez, et al. v. Experian Information Solutions, et al.: USDC-Central Dist. Of California; Case No. 05-cv-1070- DOC (MLGx). Declarations, Deposition.

Tara Andrews v. Equifax Information Solutions, Inc., et al.: U.S. District Court for the Western District of Washington; (No. 2:09–CV–00817–JJC). Expert report. Deposition.

Michelle Jansen v. Equifax Credit Information Services, et al.: U.S. District Court for the District of Oregon; No. 05-CV 0385-BR. Expert report. Deposition.

James Byrd v. TransUnion LLC, Experian Information Solutions, Inc., Equifax Credit Information Services, LLC: U.S. District Court for the District of South Carolina [Columbia Div.]. Expert report. Deposition.

David L. Jackson v. Trans Union, et al.: U.S. District Court for the District of Oregon. FCRA. No. CV-08-0060-MO. Expert report. Deposition.

Richard Chakejian v. Equifax Information Services, LLC.: U.S. District Court for the Eastern District of Pennsylvania; No. 07-2211. Bruce A. Summerfield v. Equifax Information Services, LLC.: U.S. District Court for the District of New Jersey; No. 08-1450. FCRA. Expert reports. Consolidate deposition.

Marlos Uzzell v. Experian Information Systems, Trans Union, et al.: U.S. District Court for the Eastern District of Pennsylvania (No. 2:08-CV-02538-CMR). Expert report. Deposition.

Baxter Robinson v. Chase Mortgage Services, Inc., et al.: U.S. District Court for the District of South Carolina (Charleston Div.) (2:08-cv-02087-PMD). Expert report, deposition.

Risa Joyce Deutsch v. Arrow Financial Services LLC, et al: U.S. District Court for Middle the District of Florida [Tampa]; No. 8:08-cv-01469. Damage to credit. Expert report, deposition.

Michael D. Scott, et al. v. Graphic Center, CalPERS, et al.: Superior Court of the State of California, County of Los Angeles. Case No. BC390593397636. Data breach. Declaration.

Christopher K. Jung v. Trans Union, et al.: U.S. District Court for the Eastern District of Pennsylvania (No. 07-2514). Expert report, deposition.

Robert Saindon v. Equifax Information Services, et al.: U.S. District Court for the Northern District of California (08-cv-01744 WHA). Expert report, declaration. deposition.

Christina Lee v. TransUnion, et al.: U.S. District Court for the District of Oregon (CV-07-0998-MO). Expert report, deposition.

Emelia Pasternak v. TransUnion, et al.: U.S. District Court for the Northern District of California. Case No. 4:07-cv-04980-CW Expert report, deposition.

Stacy Fiano v. Experian Information Solutions, et al., U.S. District Circuit Court of the Southern District of Florida 9:08-cv-80555. Expert report, deposition.

Alana Valerie Sheldon v. Trans Union, LLC., LVNV Funding, LLC, & Resurgent Capital Services L.P.: U.S. District Court for the District of Maryland; 8:08-cv-00057-PJM. Expert report, deposition.

In Re: Cellphone Termination Fee Cases, Superior Court of the State of California, Alameda County, JCCP No. 4332. Deposition.

Karl Benedikt v. ChoicePoint, Inc.,: U.S. District Court for the District of New Jersey [Newark Vicinage]; 07-2569. Expert report, deposition.

Abdirizak Gayre v. CSC Credit Services, Inc., Equifax Information Services, LLC, and Afni, Inc.: U.S. District Court for the District of Minnesota (C.A. No. 07-CV-0622 [JRT/FLN]). FCRA. Expert report, deposition.

Erin Ayles v. Experian Information Solutions, Inc.: U.S. District Court for the Eastern District of Virginia (Alexandria Division); 1:07cv 662. Expert report, deposition.

Maria D. v. Comcast Corp., Sacramento Superior Court, Case No. 03AS05745. Deposition.

Terri N. White, et al. v. Experian Information Solutions, Inc., U.S. Dist. Ct. Central Dist. Of Calif. – Case No. 05-cv-1070- DOC (MLGx); Lead Case. Expert declarations. Depositions.

In Re: Farmers Insurance Co., Inc., FCRA Litigation, U.S. District Court for the Western District of Oklahoma, Case No. CIV 03-158-F. FCRA. Expert report, deposition.

Steven E. Beck v. Equifax Information Services, et al.: U.S. District Court for the Eastern District of Virginia: No. 1-05cv347. FCRA. Expert report, deposition.

Mary Ann Whiteker, et al. v. Chase Bank, et al..

Ford Motor Credit Co. v. Sudesh Agrawal, Court of Common Pleas, Cuyahoga Country, Ohio; Case No. CV04536588. Credit reporting and credit scoring. Deposition.

Larry Alabran v. Capital One Services, Inc.,: U.S. District Court for the Eastern District of Virginia (Richmond Division); Case No. 3:04-CV-935. Expert report, deposition.

Gail Cope v. MBNA American Bank NA: U.S. District Court for the District of Oregon; No. 04-CV-493-JE. Expert report, deposition.

Robert Gordon Peoples v. Experian Services Corp., et al.: U.S. District Court for the Central District of California: No. CV-04-1378 CAS (Ex). Expert report. Deposition.
Lottie Robertson v. Experian Information Services, Inc. & Capital One Bank: U.S. District Court for the Eastern District of Michigan (Southern Div.) No. 04-72308. Expert report. Deposition.

Barbara A. Harris v. Experian Information Solutions, Inc., and Equifax Credit Information Services, Inc: U.S. District Court for the District of Oregon, Civil No. 01-1728-JE. FCRA. Expert reports. Deposition

Bruce Danielson v. Experian Information Solutions: U.S. District Court for the Northern District of Texas, Case No: 3-04CV-1722N. FCRA. Expert report. Deposition.

Stacy Lawton Guin, et al. v. Brazos Higher Education Service Corporation, Inc.: USDC- Minnesota – No. CV 05-668 RHK/JSM. Negligence. Security Breach. Affidavit. Deposition.

Anthony Chin v. State Dept. Federal Credit Union: Circ. Ct. Prince George's County (Maryland); Civ. Act. No. CAL04-12778; Tort. Deposition. Trial testimony.

James M. McKeown v. Sears Roebuck & Co., et al: U.S. District Court for the Western District of Wisconsin, Civil No. Case No. 03-CV-0528 C.  Expert Report, deposition.

Paulette Field v. Trans Union LLC, et al., Case No. 01 C 6390 (USDC-N.D. Illinois - Eastern Div.  FCRA. Expert report.  Deposition.

Earle E. Ausherman, et al. v. Bank of America Corporation et al.: U.S. District Court for the District of Maryland, Civil Action No. MJG-01-438.  FCRA. Expert report.  Deposition.

Jesse Klco v. Elmhurst Dodge, U.S. District Court for the Northern District of Illinois (Eastern Division) Civil Action No. 01 C 0433.  FCRA.  Expert report, deposition.

(David & Ruthie Keefner v. Webb Ford, Inc. & Deon L. Willis.: U.S. District Court for the Northern District of Illinois (Eastern Division), Civil Action No. 02C-4643.  FCRA.  Expert report. Deposition.

Anthony & Alethea Preston v. MGIC, U.S. District Court for the Middle District of Florida (Ocala), Case No. 5:03-cv-111-Oc-10GRJ. FCRA. Expert report, deposition.

Bruce Butcher and Pam Butcher v. Chase Manhattan Bank, U.S.A., Inc., U.S. District Court for District of South Carolina, Case No. 8:03-3184-26. FCRA. Expert report, deposition.

Karen Nienaber, et al. v.Citibank (South Dakota) N.A.,: U.S. District Court for the District of South Dakota [Southern Div.}; Civ. No. CIV 04-4054.  Declaration relied upon by court in settlement hearing.

## FEE

My fee is $300 per hour for preparation and for consulting;  $300 per hour, or a minimum of  $1,200 per day, for deposition or trial testimony, plus reasonable travel time, plus travel costs and expenses.