1  STEPHANIE SHERIDAN (BAR NO.135910)
   stephanie.sheridan@sedgwicklaw.com
2  VICTORIA PAAL (BAR NO. 260396)
   victoria.paal@sedgwicklaw.com
3  SEDGWICK LLP
   333 Bush Street, 30th Floor
4  San Francisco, CA 94104
   Telephone: 415.781.7900
5  Facsimile: 415.781.2635

6  Attorneys for Defendant
7  FEDEX OFFICE AND PRINT SERVICES, INC.

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZMIG TCHOBOIAN and ANGELA POTIKYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC. (f/k/a FEDEX KINKOS OFFICE AND PRINT SERVICES, INC.); DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: SACV10-01008-JAK-(MLGx)<br><br>**DECLARATION OF SUSIE MAXEY IN SUPPORT OF FEDEX OFFICE AND PRINT SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge:  Hon. John A. Kronstadt<br>Date:   February 13, 2012<br>Time:   8:30 a.m.<br>Ctrm.:   750 – 7th Floor<br><br>**REDACTED VERSION** |

I, **SUSIE MAXEY**, hereby declare and state under penalty of perjury pursuant to 28 U.S.C. section 1746:

1. I am the Senior Accounting Manager, Revenue & Cash, for FedEx Office. I make this declaration in support of FedEx Office's Opposition to Plaintiffs' Motion for Class Certification, and it is based upon my own personal knowledge and upon my review of the business records of FedEx Office. As such, I could and would be able to testify competently about the contents of this declaration, if called upon to do so.

2. As part of my job responsibilities with FedEx Office, I am involved in and am knowledgeable about the company's relationship with entities such as VISA and MasterCard ("bank card companies"), which process credit and debit cards. I am intimately familiar with FedEx Office's record keeping policies with regard to accounting and bank records. I am also familiar with FedEx Office's policies regarding confidentiality, particularly with respect to accounting and bank records.

3. FedEx Office is charged fees (referred to as "Interchange fees") by MasterCard and Visa, depending on the type of card a customer used to purchase services. That is, the bank card companies charge FedEx Office Interchange fees in order to settle the charges for credit and debit card transactions carried out at our stores, and the amount of the Interchange fees depends upon whether a customer used a credit or debit card issued to a business or a credit or debit card issued to an individual consumer.

4. The term "Interchange fees" as used in this declaration is unique to Visa and Mastercard. Visa and Mastercard accounted for 72-75% of FedEx Office's bank card sales from April 2009 - April 2010.

5. FedEx Office receives monthly reports from Fifth Third Bank detailing the Interchange fees charged to FedEx Office by the bank card companies. These reports indicate how many Interchange fees FedEx Office was

1.

charged for transactions made involving business versus individual consumer credit or debit cards, and the total dollar amount generated by the respective transaction types. Attached hereto as Exhibit 1 is a true and correct copy of the reports FedEx Office received from Fifth Third Bank detailing Interchange fees charged to FedEx Office for transactions made between April 2009 and April 2010 in FedEx Office's US Centers.

6. FedEx Office has incorporated the records contained in Exhibit 1 into its own business files, FedEx Office relies upon these records in conducting its business, and FedEx Office has a substantial interest in the accuracy of the records. It is the regular course of business for FedEx Office to immediately keep and maintain these records upon receipt from Fifth Third Bank, as well as all Fifth Third Bank records detailing Interchange fees on a monthly basis. I understand that Fifth Third Bank records and maintains the information contained within Exhibit 1 contemporaneously and in the regular course of business.

7. FedEx Office is not a publicly traded company. FedEx Office considers the information contained within Exhibit 1 to be highly proprietary and confidential. Public disclosure of the information contained in Exhibit 1 could potentially harm FedEx Office's competitive position, as it would disclose a substantial portion of FedEx Office's sales, internal revenues, and unique negotiated fee arrangements with bank card companies. If FedEx Office's competitors obtained this information, they may seek to undercut FedEx Office's competitive positioning. The disclosure of this information would cause competitive harm to FedEx Office and, therefore, it should be filed under seal.

8. The records attached as Exhibit 1 do not tell FedEx Office whether a particular customer used a credit or debit card issued to a business or a credit or debit card issued to a consumer. At the time of settlement through the VISA and MasterCard system, the Interchange fees charged to us are based on the type of credit or debit card used. Based on the records, we are able to determine the

2.

percentage of transactions that involved a business credit or debit card, as opposed to a consumer credit or debit card, even though we cannot identify which specific card holders' transaction falls into one or the other of these categories. Furthermore, the Interchange fees are assessed on a per transaction basis, and therefore do not take into account whether multiple transactions were performed with the same credit or debit card or by the same customer. The records also do not permit us to determine which transactions were conducted through the Express Pay system . Finally, while the records provide a total of how many transactions occurred at a given store, they do not allow us to determine which store was involved in any particular transaction.

9. The types of MasterCards and Visa cards denoted as Commercial in Exhibit 1 are cards issued to businesses and not to consumers. Exhibit 1 reflects that during the period of April 2009 through April 2010, 5,329,047 transactions out of a total of 40,178,514 transactions paid for with Visa or MasterCard bank cards at FedEx Office centers throughout the US were made by individuals using bank cards issued to businesses. Therefore, an average of 13% of transactions at FedEx Office's US centers paid for with Visa or MasterCard bank cards were performed by individuals using bank cards issued to businesses.

10. Exhibit 1 further reflects that during the period of April 2009 through April 2010, $257,481,954.89 out of a total of $761,037,053.04 in Visa or MasterCard bank card sales at FedEx Office centers throughout the US were sales paid for by bank cards issued to business. Therefore, an average of 34% of total dollars generated in sales paid for by Visa or MasterCard bank cards at FedEx Office's US centers resulted from purchases made by customers using business-issued cards.

11. I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

1
2   Executed this _11th_ day of December 2011, at Fed Ex Office - Dallas, TX.
3
4   _____
       SUSIE MAXEY
5
6
7
...
28

4.

DECLARATION OF SUSIE MAXEY IN SUPPORT OF FEDEX OFFICE'S OPPOSITION
TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**EXHIBIT 1**

**REDACTED IN FULL**

**EXHIBIT 1 HAS BEEN MANUALLY FILED**

**RAZMIG TCHOGOIAN v. FEDEX OFFICE AND PRINT SERVICES, INC.**
U.S. District Court, Central District of California, Case No. 8:10-cv-01008-AG-MLG

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick LLP, 333 Bush Street, 30th Floor, San Francisco, California 94104-2834. On December 12, 2011, I served the within document(s):

**DECLARATION OF SUSIE MAXEY IN SUPPORT OF FED EX OFFICE AND PRINT SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [REDACTED VERSION]**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ ELECTRONIC TRANSMISSION– by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below.

☐ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via.

Chant Yedalian, Esq.
**CHANT & COMPANY**
A Professional Law Corporation
10866 Wilshire Boulevard
Suite 400
Los Angeles, CA 90024
Telephone: 424.901.8377
Facsimile: 424.744.4177

Attorneys For Plaintiffs
RAZMIG TCHOBOIAN AND
ANGELA POTIKYAN

1.
PROOF OF SERVICE

SF/2198337v1

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 12, 2011, at San Francisco, California.

_____
LAURA A. FLOOD

2.
PROOF OF SERVICE

SF/2198337v1