STEPHANIE SHERIDAN (BAR NO.135910)
stephanie.sheridan@sedgwicklaw.com
VICTORIA PAAL (BAR NO. 260396)
victoria.paal@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA 94104
Telephone: 415.781.7900
Facsimile: 415.781.2635

Attorneys for Defendant
FEDEX OFFICE AND PRINT SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZMIG TCHOBOIAN and ANGELA POTIKYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC. (f/k/a FEDEX KINKOS OFFICE AND PRINT SERVICES, INC.); DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:10-cv-01008-JAK-MLG<br><br>**SUPPLEMENTAL DECLARATION OF SUSIE MAXEY IN SUPPORT OF FEDEX OFFICE AND PRINT SERVICES, INC.'S JOINT REPORT SUBMISSION**<br><br>Judge: Hon. John A. Kronstadt<br>Ctrm.: 750 – 7th Floor<br><br>Judge: Hon. John A. Kronstadt<br>Date: March 26, 2012<br>Time: 8:30 a.m.<br>Ctrm.: 750 – 7th Floor |

2689218v1

1.

I, **SUSIE MAXEY**, hereby declare and state under penalty of perjury pursuant to 28 U.S.C. section 1746:

1. I am the Senior Accounting Manager, Revenue & Cash, for FedEx Office. I make this declaration in support of FedEx Office's Joint Report Submission, and it is based upon my own personal knowledge and upon my review of the business records of FedEx Office.

2. As part of my job responsibilities with FedEx Office, I am involved in and am knowledgeable about the company's relationship with entities such as VISA, Discover, AmericanExpress, and MasterCard ("bank card companies"), which process credit and debit cards (collectively, "bank cards"). I am intimately familiar with FedEx Office's record keeping policies with regard to accounting and bank records and FedEx Office's relationships with bank card companies. I am also familiar with FedEx Office's policies regarding confidentiality, particularly with respect to accounting and bank records.

### FedEx Office's Relationship With Fifth Third Bank And Interchange Fees

3. FedEx Office works with a third party credit card processor separate from merchant banks (which issue cards) to settle all bank card transactions made at FedEx Office stores. The third party receives FedEx Office transaction data and sends that data to bank card companies for settlement and assessment of fees.

4. During the relevant April 2009-April 2010 time period, FedEx Office worked with Fifth Third Bank as its third party credit card processor to process MasterCard, VISA, and Discover cards. As of last year, FedEx Office moved to Bank of America as its processor for these cards. In June 2011, the segment of Fifth Third Bank that handles processing solutions changed its name from Fifth Third Processing Solutions to Vantiv, LLC.

5. From April 2009-April 2010, Fifth Third Bank passed through fees from MasterCard and VISA to FedEx Office (referred to as "Interchange fees"). That is, MasterCard and VISA charge FedEx Office Interchange fees in order to

settle the charges for a particular customer's transaction, and the amount of the Interchange fee rate varies based on whether the bank card used in the transaction was issued to a personal consumer or a business account and how the card is processed from the merchant to the processor.

6. From April 2009 to April 2010, FedEx Office received monthly summarized reports from Fifth Third Bank detailing the Interchange fees charged to FedEx Office by bank card companies. These reports indicate how many Interchange fees FedEx Office was charged for transactions with personal consumer versus business accounts, and the total dollar amount generated by the respective transaction types. While the bank card company reports the number of transactions comprising these fees, the bank card company does not provide fee information correlating to a specific transaction that can be traced to a specific card number in order to determine if a particular transaction was made with a business-issued card versus a consumer card.

7. The monthly Fifth Third Bank reports received between April 2009 and April 2010 do not tell FedEx Office whether a particular customer used a credit or debit card issued to a business or a debit or credit card issued to a consumer. Furthermore, the Interchange fees are assessed on a per transaction basis, and therefore do not take into account whether multiple transactions were performed with the same bank card or by the same customer.

8. FedEx Office accepts VISA, MasterCard, AmericanExpress, or Discover cards as forms of payment for purchases. Different card companies charge different fees. Only MasterCard and VISA charge FedEx Office Interchange fees, and they charge higher fees for transactions performed with business-issued cards. Neither Discover nor AmericanExpress charges FedEx Office Interchange fees, but they do charge FedEx Office contractual fees. The fee reporting utilized by FedEx Office does not allow it to distinguish between

2689218v1

3.

purchases made with consumer or business-issued Discover or AmericanExpress cards.

9. From April 2009-April 2010, approximately 25% of card purchases at FedEx Office were performed with AmericanExpress cards, and approximately 2% were performed with Discover cards.

10. FedEx Office has never asked that an "audit" be done of its third party card processors to determine if it has been charged correct fees for card transactions. FedEx Office ensures that each fee by card type is in compliance with the interchange rate chart provided by MasterCard and VISA or complies with the contracted rate for AmericanExpress and Discover. It assumes that the billing system has controls in place that prevent the need for a specific audit by card count.

### There Is No Fair and Efficient Manner For FedEx Office To Determine Who Is A Consumer Using Fifth Third's Tools

11. Fifth Third Bank supplies various online tools for its customers. It operates a "Virtual Terminal," which I understand to be a credit card processing tool that primarily allows companies to virtually charge or refund customers. FedEx Office has never utilized this tool, as it has not needed to conduct or refund transactions in this manner.

12. Fifth Third Bank also operates tools referred to as "Direct." These systems do contain information on prior transactions; however, searchable information is only available for transactions conducted in the prior 18 months. I am informed that pursuant to Fifth Third Bank's document retention policy, transaction data for the April 2009-April 2010 time frame has been archived and is not easily accessible. Archived information for transactions that occurred more than 18 months ago "masks" personal identifying information, such as card numbers, and I understand from Vantiv's Relationship Manager that searching

such information would be difficult and labor intensive, necessitating research by FedEx Office and Vantiv into each and every transaction.

13. Because FedEx Office no longer contracts with Fifth Third Bank, in order for it to access any online tools it would have to pay monthly access fees of $4,000-$5,000. FedEx Office would also be charged for inquiries or reports it asks Vantiv to perform or provide on its behalf. It is likely that FedEx Office would have to develop a new contract with Vantiv to permit such a relationship, and this would be time consuming and costly for FedEx Office.

### FedEx Office Does Not Have Access To Reliable BIN Databases

14. The receipts printed by FedEx Office from April 2009-April 2010 do not identify the first six digits of the customers' card numbers, also known as BIN numbers. There are thousands of combinations of BIN numbers. FedEx Office does not possess lists of BIN numbers.

15. I have contacted FedEx Office's credit card relationship managers, including Vantiv, and I have not found any company that offers a BIN list specifically for the period 2009-2010. Vantiv does have an active BIN list to date for sale for $750 per file. This list would include any "active" BIN ranges issued in 2009-2010, but it would not reflect inactive BINs from this time period. Thus, Vantiv stated that the list may not accurately reflect BIN numbers from 2009. In addition, corporate BIN numbers can change to personal BIN numbers from time to time, necessitating updates to BIN lists.

### Third Parties Do Not Uniformly Disclose Whether A Cardholder Is A Consumer

16. After discussions with representatives from the card brands that FedEx Office accepts, it was determined that AmericanExpress would not disclose to FedEx Office if one was using a personal or business-issued card, as it deems such information to be personal information.

17. Discover informed me that it requires individual customer permission before it will disclose whether a cardholder is using a consumer or business-issued card.

18. "Merchant banks" refers to bank card customers' issuing banks. It is my understanding that there are over 4,000 merchant banks, and FedEx Office can do business with any that are VISA, MasterCard, Discover, or American Express labeled. I understand that merchant banks each have unique rules regarding the release of customer information, and some require written customer permission before they will disclose whether a customer is using a consumer or business-issued card.

### FedEx Office Cannot Determine If A Customer Is A Consumer By Looking At A Receipt Or The Card Itself, Or Even A Combination Of The Two

19. The receipts printed at FedEx Office stores from April 2009-2010 do not contain sufficient information to allow FedEx Office to determine whether a customer used a consumer or business-issued card.

20. FedEx Office cannot conclude that a customer used a consumer or business-issued card by looking at the card itself. AmericanExpress does not uniformly identify business-issued cards on the card face itself. MasterCard and VISA similarly do not identify cards that are issued to small businesses on the face of cards. Discover does not identify whether a card is business-issued on the card face.

### FedEx Office Does Not Have The Resources To Conduct Individual Inquiries

21. My department at FedEx Office has ten employees, including myself, only four of whom are focused on credit card activities at FedEx Office stores. We do not have the staff available to conduct individual inquiries and research into thousands and possibly millions of card transactions performed during the April 2009-April 2010 time period, which resulted in the issuance of a receipt.

22.  FedEx Office is unaware of any way in which it could determine, from its own records, or those within its custody and control, whether transactions completed at its approximately 1,800 stores from April 2009-April 2010 were made with business-issued or consumer cards.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed this 21st day of March 2012, at _FedEx Office, Plano, TX_.

_Susie Maxey_
SUSIE MAXEY