UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZMIG TCHOBOIAN and ANGELA POTIKYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC. (f/k/a FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.); and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: SACV10-01008 JAK (MLGx)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT** <mark>**JS-6**</mark><br><br>**HEARING**<br>Date: April 8, 2013<br>Time: 8:30 a.m.<br>Court Room: 750<br>Judge: Hon. John A. Kronstadt |

On October 22, 2012, Plaintiffs Razmig Tchoboian and Angela Potikyan ("Plaintiffs"), on behalf of themselves and all others similarly situated, filed a Motion For Preliminary Approval Of Class Action Settlement.  Attached as Exhibit 1 to the Motion For Preliminary Approval Of Class Action Settlement was the Stipulated Settlement Agreement and Release[1] (hereinafter sometimes referred to as "Settlement" or "Agreement"), entered into between Plaintiffs Razmig Tchoboian and Angela Potikyan, on behalf of themselves and all others similarly situated, on the one hand, and Defendant FedEx Office and Print Services, Inc. ("FedEx Office"), on the other hand, and their respective counsel of record.

On November 29, 2012, this Court entered an Amended Order granting preliminary approval of the proposed class action Settlement.  Dkt. No. 170.  As part of the same Order, the Court approved a plan of notice to be directed to Settlement Class members, set deadlines by which Settlement Class members may opt-out, object or request to be heard at the final approval hearing, and scheduled a final approval hearing date of April 8, 2013.  Dkt. No. 170, ¶¶ 8, 9, 10-13, 15.

On January 8, 2013, the Court also entered an Order With Respect To Plaintiffs' *Ex Parte* Application Concerning Notice Requirements To Class Members and as part of that Order required the implementation of additional, supplemental notice on the ExpressPay kiosks.  Dkt. No. 177, ¶ 6.

On March 8, 2013, Plaintiffs, Razmig Tchoboian and Angela Potikyan, on behalf of themselves and on behalf of the Settlement Class, filed a Motion For Final Approval Of Class Action Settlement ("Motion For Final Approval").  Dkt. No. 178.

Also on March 8, 2013, Plaintiffs and Class Counsel filed a Motion For Award Of Attorney's Fees And Costs To Class Counsel And Incentive Payments To The Class Representatives ("Motion For Fees, Costs And Incentive Awards").  Dkt. No. 180.

---

[1] Capitalized terms used herein shall have the same meanings as in the Agreement, unless indicated otherwise.

- 1 -

ORDER GRANTING MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND JUDGMENT

On March 18, 2013, FedEx Office filed an opposition to the Motion For Fees, Costs And Incentive Awards. Dkt. No. 186.

On March 25, 2013, Plaintiffs and Class Counsel filed a reply in support of the Motion For Fees, Costs And Incentive Awards. Dkt. No. 192.

On April 3, 2013, FedEx Office filed a sur-reply to the Motion For Fees, Costs And Incentive Awards. Dkt. No. 202.

On April 8, 2013, this Court held a hearing on the Motion For Final Approval and on the Motion For Fees, Costs And Incentive Awards. Class Counsel, Chant Yedalian, appeared on behalf of Plaintiffs and the Settlement Class. FedEx Office's counsel, Stephanie Sheridan, appeared on behalf of FedEx Office. No other appearances were made or requested.

Having duly considered all submissions and arguments presented, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. The Court hereby grants final approval of the proposed Settlement upon the terms and conditions set forth in the Agreement.

2. The Court finds that the terms of the proposed Settlement are fair, adequate and reasonable and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

3. The Court previously certified, and hereby reaffirms certification, of the following Settlement Class for settlement purposes only:

> "All consumers, as defined by 15 U.S.C. §1681a(c), in the United States of America who can present an original or copy of a printed FedEx Office receipt printed between April 2009 and April 2010 displaying the first two and last four digits of their credit or debit card number."

4. The Court finds that, for purposes of the Settlement, the above-defined Settlement Class meets all of the requirements for class certification. The Court further finds that, for purposes of the Settlement, the requirements of FRCP Rule 23(a) and 23(b)(2) are satisfied and that (a) the Settlement Class is ascertainable, (b)

the members of the Settlement Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative Plaintiffs' claims are typical of the claims of the Settlement Class members, (e) the Class Representatives and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class throughout the litigation, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.  The Court previously appointed Plaintiffs Razmig Tchoboian and Angela Potikyan as the Class Representatives for the Settlement Class. The Court hereby reaffirms the appointments of the Class Representatives.

6.  The Court previously appointed attorney Chant Yedalian of Chant & Company A Professional Law Corporation as Class Counsel for the Settlement Class. The Court hereby reaffirms the appointment of Class Counsel.

7.  The Court previously appointed Kurtzman Carson Consultants LLC as the third-party Settlement Administrator. The Court hereby reaffirms the appointment of the third-party Settlement Administrator.

8.  The Court finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties. In making these findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiffs and members of the Settlement Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

- 3 -
ORDER GRANTING MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND JUDGMENT

9. The Court finds that the notice that has been provided to Settlement Class members, as well as the means by which it was provided, including the Summary Notice, Full Notice and Claim Form which this Court previously approved (Dkt. Nos. 165 and 170), and the additional supplemental notice which this Court also approved (Dkt. No. 177), constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution and the requirements of due process. The Court further finds that such notice fully and accurately informed Settlement Class members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and each member's right and opportunity to object to the proposed class action Settlement and be heard at the final approval (fairness) hearing.

10. The Court finds that the manner and content of the notice of Settlement has been completed in conformity with this Court's previous Orders.

11. The Court finds that zero Settlement Class members timely requested exclusion from the Settlement.

12. The Court finds that zero Settlement Class members timely objected to the Settlement.

13. The Court finds that zero Settlement Class members timely requested to appear or be heard at the final approval hearing.

14. All Settlement Class members who did not timely exclude themselves from the Settlement are bound by the Agreement, including the releases contained in paragraphs 19 and 20 of the Agreement.

15. The Court hereby directs the Parties to effectuate all terms of the Settlement and the Agreement.

16. On March 25, 2014, the Court entered an Order (Dkt. No. 208) on the Motion For Fees, Costs And Incentive Awards. As stated in that Order (Dkt. No. 208), the Court awards Class Counsel attorney's fees in the amount of $521,850.00

- 4 -
ORDER GRANTING MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND JUDGMENT

plus costs in the amount of $10,818.99, and awards the Class Representatives a total incentive award of $3,400.00 ($1,700.00 to each Class Representative).

17. Except as expressly provided in this Judgment, in the Agreement, or in the Court's Order (Dkt. No. 208) on the Motion For Fees, Costs And Incentive Awards, each of the Parties is to bear its own costs and fees.

18. The Court hereby dismisses the Action with prejudice in accordance with the terms of the Agreement; provided however, and without affecting the finality of the Judgment in any way, the Court shall retain continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement, and all orders and the Judgment entered in connection therewith.

19. The Court directs the Clerk of the Court to enter this Order as a Judgment.

IT IS SO ORDERED.

Dated: April 8, 2014

By: _____
Hon. John A. Kronstadt
United States District Judge